**2023-1505**

# United States Court of Appeals for the Federal Circuit

HORACE CLEVELAND,

*Claimant - Appellant,*

*v.*

DENIS MCDONOUGH, Secretary of Veterans Affairs,

*Respondent - Appellee.*

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-6780, Judge Amanda L. Meredith.

## OPENING BRIEF OF CLAIMANT-APPELLANT HORACE CLEVELAND

SARAH E. SIU
TIMOTHY L. MCHUGH
TROUTMAN PEPPER HAMILTON SANDERS
1001 Haxall Point, 15th Floor
Richmond, Virginia 23219
(804) 697-2293
sarah.siu@troutman.com
tim.mchugh@troutman.com

JOHN D. NILES
CARPENTER CHARTERED
Post Office Box 2099
Topeka, Kansas 66601
(785) 357-5251
john@carpenterchartered.com

JOHN F. CAMERON
JOHN F. CAMERON, ATTORNEY AT LAW
250 Commerce Street, Suite 201
Post Office Box 240666
Montgomery, Alabama 36124
(334) 356-4888
jcameron@attyjc.com

*Counsel for Claimant-Appellant*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2023-1505

**Short Case Caption** Cleveland v. McDonough

**Filing Party/Entity** Horace Cleveland

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 04/13/2023

Signature: /s/ Sarah E. Siu

Name: Sarah E. Siu

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Horace Cleveland | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐     None/Not Applicable          ☐     Additional pages attached

| | | |
|---|---|---|
| Daniel Prichard | | |
| | | |
| | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐  Yes (file separate notice; see below)   ☑  No   ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑     None/Not Applicable          ☐     Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .............................................................................. iii

STATEMENT OF RELATED CASES .............................................................. 1

JURISDICTIONAL STATEMENT ................................................................... 1

STATEMENT OF THE ISSUES ........................................................................ 3

INTRODUCTION ............................................................................................. 4

STATEMENT OF THE CASE ........................................................................... 6

    I.     THE STATUTORY SCHEME ............................................... 6

    II.    MR. CLEVELAND'S LONG-PENDING CLAIMS FOR TDIU AND DEA BENEFITS ........................................................ 8

    III.   THE BOARD'S LATEST DECISION IN MR. CLEVELAND'S CASE ...................................................... 11

    IV.   THE REGIONAL OFFICE'S ACTION ON REMAND ................... 12

    V.    THE VETERANS COURT'S SINGLE-JUDGE ORDER DISMISSING FOR LACK OF JURISDICTION ............................. 13

SUMMARY OF THE ARGUMENT ................................................................. 14

ARGUMENT ................................................................................................... 17

    I.     STANDARD OF REVIEW ................................................... 17

    II.    THE VETERANS COURT ERRONEOUSLY CONCLUDED THAT THIS COURT'S PRECEDENT BARRED REVIEW OF THE BOARD'S DECISION ........................................................... 18

A. This Court's precedent establishes that the Veterans Court has jurisdiction over denials that the Board issues as part of mixed (part-denial, part-remand) decisions.......................... 18

B. The Board's decision here was a "remand" in name only, as it expressly denied an earlier effective date for TDIU and DEA benefits, making it subject to immediate review ..... 21

C. The Veterans Court's conclusion that, on these facts, the Board's decision was not "final" and therefore unreviewable is wrong ............................................. 23

III. IF THIS COURT'S PRECEDENT DOES BAR REVIEW OF THE BOARD'S DECISION HERE, THEN THOSE DECISIONS SHOULD BE OVERRULED ...................................... 29

A. Judicial review of any agency decision is presumed absent clear and unambiguous language to the contrary .................... 29

B. The Veterans Court's jurisdictional statute contains no clear and unambiguous exception insulating decisions like that at issue here from review .................................................. 31

C. This Court's decisions to the contrary are mistaken................ 37

CONCLUSION ............................................................................................. 42

ADDENDUM

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

## CASES

*Adams v. Shinseki*,
568 F.3d 956 (Fed. Cir. 2009) .................................................................... 25

*Allen v. Principi*,
237 F.3d 1368 (Fed. Cir. 2001) ...................................................... 3, 20, 22

*Anania v. McDonough*,
1 F.4th 1019 (Fed. Cir. 2021) ..................................................................... 2

*Arizonans for Off. Eng. v. Arizona*,
520 U.S. 43 (1997).................................................................................... 2

*Ashford Univ. LLC v. Sec'y of Veterans Affairs*,
951 F.3d 1332 (Fed. Cir. 2020) ............................................................... 36

*Axon Enter., Inc. v. Fed. Trade Comm'n*,
No. 21-1239, 2023 WL 2938328 (U.S. Apr. 14, 2023)......................... 19, 29

*B.V.D. Licensing Corp. v. Body Action Design, Inc.*,
846 F.2d 727 (Fed. Cir. 1988) ................................................................. 12

*Bates v. Nicholson*,
398 F.3d 1355 (Fed. Cir. 2005) ............................................................... 36

*Boggs v. West*,
188 F.3d 1335 (Fed. Cir. 1999) ............................................................... 18

*Bowen v. Michigan Acad. of Fam. Physicians*,
476 U.S. 667 (1986)................................................................................. 29

*Breeden v. Principi*,
17 Vet. App. 475 (2004)........................................................................... 27

*Brown v. Gardner*,
513 U.S. 115 (1994).................................................................................. 30

*Brown v. West*,
203 F.3d 1378 (Fed. Cir. 2000) .................................................................. 26

*C.W. by & through B.W. v. Denver Cnty. Sch. Dist. No. 1*,
994 F.3d 1215 (10th Cir. 2021) ........................................................... 24, 35

*Carpenter v. Brown*,
11 Vet. App. 140 (1998) ............................................................................. 25

*Clay v. United States*,
537 U.S. 522 (2003) ................................................................................... 33

*Cleveland v. McDonough*,
No. 20-6780, 2022 WL 16757107 (Vet. Ct. 2022) ...................................... 2

*Coffy v. Republic Steel Corp.*,
447 U.S. 191, 100 S. Ct. 2100, 65 L. Ed. 2d 53 (1980) .............................. 30

*Dewey Electronics Corp. v. United States*,
803 F.2d 650 (Fed. Cir. 1986) ............................................................ 18, 19

*Dieser v. Cont'l Cas. Co.*,
440 F.3d 920 (8th Cir. 2006) ..................................................................... 35

*Elkins v. Gober*,
229 F.3d 1369 (Fed. Cir. 2000) ........................................................ *passim*

*Fishgold v. Sullivan Drydock & Repair Corp.*,
328 U.S. 275, 66 S. Ct. 1105, 90 L. Ed. 1230 (1946) ................................. 30

*Frederick v. Shinseki*,
684 F.3d 1263 (Fed. Cir. 2012) ................................................................. 17

*Gardner-Dickson v. Wilkie*,
33 Vet. App. 50 (2020), *aff'd per curiam sub nom.*
*Gardner-Dickson v. McDonough*,
No. 2021-1462, 2021 WL 5144367 (Fed. Cir. Nov. 5, 2021)...................... 19

*George v. McDonough*,
142 S. Ct. 1953 (2022).............................................................................. 31

*Guerrero-Lasprilla v. Barr*,
140 S. Ct. 1062 (2020)............................................................... 29

*Hayburn's Case*,
2 U.S. (2 Dall.) 408 (1792) ....................................................... 30

*Henderson ex rel. Henderson v. Shinseki*,
562 U.S. 428 (2011)............................................................ *passim*

*Iowa League of Cities v. EPA*,
711 F.3d 844 (8th Cir. 2013) .................................................... 36

*Kelly v. Nicholson*,
463 F.3d 1349 (Fed. Cir. 2006) ................................................ 26

*King v. St. Vincent's Hosp.*,
502 U.S. 215 (1991)................................................................. 30

*Kirkpatrick v. Nicholson*,
417 F.3d 1361 (Fed. Cir. 2005) .......................................... *passim*

*Kucana v. Holder*,
558 U.S. 233 (2010)................................................................. 31

*Larson v. McDonough*,
10 F.4th 1325 (Fed. Cir. 2021) .................................................. 2

*Ledford v. West*,
136 F.3d 776 (Fed. Cir. 1998) .................................................. 41

*Lefevre v. Sec'y Dep't of Veterans Affairs*,
66 F.3d 1191 (Fed. Cir. 1995) .................................................. 33

*Maggitt v. West*,
202 F.3d 1370 (Fed. Cir. 2000) ....................................... 3, 19, 41

*Mil.-Veterans Advoc. v. Sec'y of Veterans Affs.*,
7 F.4th 1110 (Fed. Cir. 2021) .................................................. 20

*Morris v. McDonough*,
    40 F.4th 1359 (Fed. Cir. 2022) ....................................................... 2

*Mote v. Wilkie*,
    976 F.3d 1337 (Fed. Cir. 2020) ........................... 20, 38, 39, 40

*Park 'N Fly*,
    469 U.S. 189 (1985)........................................................................ 29

*Petereit v. S.B. Thomas, Inc.*,
    63 F.3d 1169 (2d Cir. 1995) ...................................................... 35

*Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic*,
    400 U.S. 62 (1970)........................................................................ 19

*Reno v. Catholic Social Servs., Inc.*,
    509 U.S. 43 (1993)........................................................................ 29

*Riley v. Kennedy*,
    553 U.S. 406 (2008)...................................................................... 24

*Russello v. United States*,
    464 U.S. 16 (1983)........................................................................ 33

*Shealey v. Wilkie,*
    946 F.3d 1294 (Fed. Cir. 2020) .................................................. 2

*Skaar v. McDonough* (*Skaar III*),
    48 F.4th 1323 (Fed. Cir. 2022) ........................................ 3, 38, 40

*Skaar v. Wilkie* (*Skaar I*),
    32 Vet. App. 156 (2019) .............................................................. 38

*Skaar v. Wilkie* (*Skaar II*),
    33 Vet. App. 127 (2020) .............................................................. 38

*Spicer v. McDonough*,
    61 F.4th 1360 (Fed. Cir. 2023) .................................................. 33

*Sucic v. Wilkie*,
921 F.3d 1095 (Fed. Cir. 2019) ........................................................ 17

*Sullivan v. Finkelstein*,
496 U.S. 617 (1990) ......................................................................... 24

*Tyrues v. Shinseki*,
732 F.3d 1351 (Fed. Cir. 2013) ........................................... 3, 20, 23

*United States v. Oregon*,
366 U.S. 643 (1961) ......................................................................... 35

*Walton v. Cotton*,
60 U.S. (19 How.) 355 (1856) ......................................................... 30

**STATUTES**

5 U.S.C. § 704 ...................................................................................... 36

28 U.S.C. § 1291 ............................................................................ 35, 36

28 U.S.C. § 1292 .................................................................................. 36

38 U.S.C. § 101 .................................................................................... 31

38 U.S.C. § 511 .................................................................................... 34

38 U.S.C. § 511(a) ..................................................................... 6, 7, 34, 37

38 U.S.C. § 3501 *et seq.* ....................................................................... 6

38 U.S.C. § 3505 .................................................................................. 12

38 U.S.C. § 3512 ................................................................................ 6, 7

38 U.S.C. § 5110 .............................................................................. 6, 12

38 U.S.C. § 5110(a) ............................................................................... 6

38 U.S.C. §§ 7101-7113 ....................................................................... 31

38 U.S.C. § 7102 ......................................................................... 33, 34

38 U.S.C. § 7102(a) ............................................................................ 34

38 U.S.C. § 7103 ................................................................................ 34

38 U.S.C. § 7104 ........................................................................ *passim*

38 U.S.C. § 7104(a) ...................................................................... 6, 7, 34

38 U.S.C. § 7104(d) ............................................................ 7, 22, 23, 34

38 U.S.C. § 7252 ........................................................................ *passim*

38 U.S.C. § 7252(a) .................................................................... *passim*

38 U.S.C. § 7261(a) ............................................................................ 31

38 U.S.C. § 7266 ........................................................................... 32, 33

38 U.S.C. § 7266(a) ....................................................................... 31, 33

38 U.S.C. § 7292 ............................................................................. 2, 38

38 U.S.C. § 7292(a) ........................................................................... 1, 2

38 U.S.C. § 7292(d)(1) ..................................................................... 2, 18

38 U.S.C. § 7292(e)(1) .......................................................................... 18

**RULES**

Fed. Cir. E-Filing Proc. IV.A.2 ............................................................ 1

Fed. Cir. R. 30(b)(2)(C) ....................................................................... 1

Fed. Cir. R. 35 ...................................................................................... 3

Fed. Cir. R. 47.5, Practice Notes........................................................... 1

Fed. R. App. P. 4(a)(1)(B) ...................................................................... 2

Fed. R. App. P. 35(a) ............................................................................... 37

Fed. Cir. R. 35(a) ..................................................................................... 37

Fed. Cir. R. 36 ......................................................................................... 19

Vet. App. R. 28.1(a)(1)(C) ....................................................................... 12

**REGULATION**

38 C.F.R. § 20.1303 ................................................................................ 26

**OTHER AUTHORITIES**

Black's Law Dictionary (7th ed. 1999) .................................................... 32

H. Rep. No. 100-963, as reprinted in 1988 U.S.C.C.A.N. 5782 ............................ 37

**STATEMENT OF RELATED CASES**

No appeal from this civil action was previously before this or any other appellate court, other than the United States Court of Appeals for Veterans Claims ("Veterans Court") from which the decision is being appealed.

Counsel is not aware of any case pending in this or any other court or agency within the meaning of the Rule 47.5 Practice Notes that will directly affect or be directly affected by this Court's decision in the pending appeal.

**JURISDICTIONAL STATEMENT**

This Court possesses jurisdiction to review a decision of the Veterans Court "with respect to the validity of a decision of the Court on . . . any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a).

In this case, the Veterans Court's decision is predicated on its misinterpretation of 38 U.S.C. § 7252(a), which governs the scope of the Veterans Court's jurisdiction. The court misconstrued Section 7252(a) as not giving it jurisdiction to review decisions from the Board of Veterans' Appeals ("Board") that are remands in name only. *See* Appx01 (Appx01-06).[1] Mr. Cleveland's challenge to

---

[1] Mr. Cleveland will file the Joint Appendix with his reply brief. Pursuant to Fed. Cir. R. 30(b)(2)(C) and Fed. Cir. E-Filing Proc. IV.A.2, Mr. Cleveland will begin this brief's references to the Joint Appendix with "Appx##[-##]." For clarity, where such a reference is to a portion of a longer document in the Joint Appendix, Mr. Cleveland will also parenthetically denote that document's entire page span. Such references will take the form of "Appx##[-##] (Appx##-##)."

that statutory interpretation constitutes a question of law within this Court's jurisdiction. *See* 38 U.S.C. § 7292(d)(1); *see also Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 73 (1997) (holding that courts always have jurisdiction to review a lower court's decision regarding its jurisdiction); *Larson v. McDonough*, 10 F.4th 1325, 1326–27, 1329–30 (Fed. Cir. 2021) (exercising Section 7292 jurisdiction over and ultimately reversing dismissal that the Veterans Court had issued on the basis of lacking jurisdiction); *see also, e.g., Morris v. McDonough*, 40 F.4th 1359, 1361–62 (Fed. Cir. 2022) (holding that this Court has Section 7292(a) jurisdiction to review a Veterans Court dismissal for lack of specificity in an allegation of clear and unmistakable error in a prior VA decision); *Anania v. McDonough*, 1 F.4th 1019, 1023 (Fed. Cir. 2021) (holding that this Court has Section 7292(a) jurisdiction to review a Veterans Court dismissal of an appeal as being untimely filed); *Shealey v. Wilkie,* 946 F.3d 1294, 1296–97 (Fed. Cir. 2020) (holding that this Court has Section 7292(a) jurisdiction to review a Veterans Court dismissal of an Equal Access to Justice Act fee application for lack of standing).

The Veterans Court ordered Mr. Cleveland's appeal dismissed on November 8, 2022. *See Cleveland v. McDonough*, No. 20-6780, 2022 WL 16757107 (Vet. Ct. 2022) (reproduced at Appx01-06). It entered final judgment effective December 1, 2022. *See* Appx07. Mr. Cleveland timely filed a Notice of Appeal to this Court on January 27, 2022. *See* 38 U.S.C. § 7292(a); Fed. R. App. P. 4(a)(1)(B).

# STATEMENT OF THE ISSUES

1. This Court's decisions in *Elkins v. Gober*, *Allen v. Principi*, and *Tyrues v. Shinseki* support the conclusion that certain mixed remand decisions by the Board are reviewable by the Veterans Court if they clearly or definitively deny relief on a claim. Under these precedents, does the Veterans Court have jurisdiction to review a Board decision that expressly denies entitlement to certain veterans' benefits, as a matter of law and fact, based on the evidence then before the Board; but purports to remand entitlement to the same benefits to the Regional Office for correction of "several pre-decisional [procedural] errors in the duty to assist" unrelated to the Board's substantive denials and which could not possibly affect them?

2. If this Court's decisions in *Elkins, Allen*, and *Tyrues* do not permit Veterans Court review of the Board decision here, does the Veterans Court nevertheless have jurisdiction to review it as "a decision of the Board" under 38 U.S.C. § 7252(a), even if that Board decision is styled as a "remand," and should the Court decide this question *en banc* given its exceptional importance to the functioning of the nation's veterans' benefits system and the Veterans Court's reliance on *Skaar v. McDonough, Mote v. Wilkie, Kirkpatrick v. Nicholson*, and *Maggitt v. West*? Fed. Cir. R. 35.

# INTRODUCTION

Our country's military veterans and survivors served unstintingly and sacrificed unselfishly for our freedom, at the cost of their time, their families, and all too often, their health. Congress, in fractional compensation for these sacrifices, created a number of entitlements to support the veterans who are now partially or fully disabled as a result of their time in uniform. The Department of Veterans Affairs and the Board are charged with processing these veterans' applications and awarding the entitlements. But Congress understood that oversight was needed, and it created a system by which veterans could appeal adverse decisions relating to their benefits applications to the Veterans Court, and if necessary, this Court and the United States Supreme Court. Congress has been careful to ensure that veterans are able to develop the factual record needed to substantiate their claims, utilizing a de novo review remand process. But this process is lengthy and backlogged, and veterans wait years, even decades, before receiving the benefits which they earned by their service—if they receive it during their lifetime at all.

That is why this Court and others have long recognized an interpretive presumption in favor of veterans on legal questions relating to these entitlements. That is why the ability to immediately appeal adverse determinations of benefits is so essential to veterans. And that is why Congress vested the Veterans Court with jurisdiction under 38 U.S.C. § 7252(a) to "review decisions of the Board of

Veterans' Appeals"—providing veterans an exit from the otherwise endless cycle of applications, appeals, and remands when the Board issues a determination on one of their claims.

Here, however, Mr. Cleveland has been denied his right to appeal due to a "mistake" by the Board. The Board's mistake? It issued a decision styled as a de novo "Remand" for further factual development, while also—inconsistently with a "remand"—including findings of fact and conclusions of law that barred Mr. Cleveland from relief on two of his three claims. And in its instructions for remand, the Board only required factual development of the third claim. Seeing from the unequivocal language of the decision that two of his claims had been denied, with no opportunity for relief on remand, Mr. Cleveland appealed the denial to the Veterans Court. But the Veterans Court dismissed his appeal, acknowledging the Board's errors but holding that the mere inclusion of the word "remand" on the order negated its review of the otherwise plainly prejudicial conclusions in the order, transforming it from a decision over which they exercised jurisdiction into a "mere remand." In so doing, the Veterans Court acted contrary to this Court's precedents and the unambiguous language of Section 7252. Therefore, Mr. Cleveland brings this appeal, requesting that this Court reverse the Veterans Court's decision, affirm its jurisdiction over his appeal of the Board's adverse decisions, and allow him to move forward.

**STATEMENT OF THE CASE**

## I.     THE STATUTORY SCHEME

This appeal implicates five primary statutes.  38 U.S.C. §§ 5110 and 3501 *et seq.* govern the merits of Mr. Cleveland's request for benefits.  38 U.S.C. §§ 511(a), 7104(a), and 7252(a) govern the jurisdiction of the Board and Veterans Court.

First, Section 5110 sets the criteria for the effective date of an award of Total Disability based on Individual Unemployability ("TDIU") benefits.  These benefits allow disabled veterans who are unable to work due to a service-connected disability to receive disability compensation equal to a 100 percent rating, even if their combined disability rating would otherwise be less than that.  Section 5110(a), as effective at the time of Mr. Cleveland's application, provides that by default, "the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor."  The remainder of Section 5110 provides several methods for determining the date of application depending on the type of filing, as well as several exceptions to the default application-date rule.

Second, Section 3501 *et seq.* (and particularly Section 3512) set the criteria for the effective date of an award of Dependents' Educational Assistance ("DEA").

Veterans who are permanently and totally disabled due to a service-connected disability may qualify for these benefits to help cover educational costs for their dependents.  Under Section 3512, the effective date of these benefits is limited by the date the veteran was first deemed to be permanently and totally disabled.

On the jurisdictional side, Section 511(a) obligates the Secretary of Veterans Affairs ("Secretary") to adjudicate benefits claims.  Specifically, the Secretary "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans."  Section 7104(a) grants the Board jurisdiction over one review on appeal of "[a]ll questions in a matter . . . under section 511(a) of this title" and requires the Board to issue "[f]inal decisions on such appeals."  Section 7104(a) also dictates the basis for the Board's decisions on appeal: "Decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of the law and regulation."  Section 7104(d) includes general procedural requirements relating to the contents of a decision of the Board.

Finally, Section 7252(a) grants jurisdiction to the Veterans Court to review the Board's decisions as follows: "The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals. The Secretary may not seek review of any such decision.  The Court shall have

power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate."

## II. MR. CLEVELAND'S LONG-PENDING CLAIMS FOR TDIU AND DEA BENEFITS

Mr. Horace Cleveland served honorably on active duty in the U.S. Army from November 10, 1987 to June 3, 1996. Appx39 (Appx37-140). His service took a heavy toll and resulted in at least six service-connected disabilities. *Id.* He has sought service-connection determinations (and appropriate compensation) for those and other disabilities for more than two decades. During that process, his claims have been subject to numerous decisions by the Regional Office and the Board, multiple reviews by the Veterans Court, and multiple remands ordering resolution of issues stemming from the Secretary's mishandling of Mr. Cleveland's claims. *Id.*

The dispute at issue here stems from a February 25, 2019 decision by the Regional Office which granted the following effective dates for three of Mr. Cleveland's disability-related benefits: (1) tinnitus (effective December 12, 2016); (2) TDIU (effective August 16, 2016); and (3) DEA (effective August 16, 2016). Appx119-120 (Appx37-140). The February 2019 Rating Decision considered the following *voluminous* evidence, which is listed in full for ease of reference:

- Cleveland VA Medical Center treatment records from March 19, 1999 through January 2, 2019
- VA Form 21-526 EZ: Application for Disability Compensation and Related Compensation Benefits, June 12, 2017
- VA Audio Examination, Cleveland VAMC, dated July 28, 2017

- Board of Veterans' Appeals Decision/Remand, dated January 2, 2013
- Notice of Disagreement, received April 3, 2015
- Appeals election letter was sent to you, dated April 22, 2015
- Statement of the Case, dated April 27, 2015
- Letter from your POA, received April 28, 2015
- National Guard Report of Separation and Record of Service, received November 19, 2015
- DD-214, Certificate of Release or Discharge from Active Duty, for the period of service from November 10, 1987 through June 3, 1996; received November 23, 2015
- Status inquiry, received January 26, 2016
- Status update, dated March 14, 2016
- 5103 notification was sent to you, dated May 16, 2016
- VA Form 21-526EZ Application for Disability Compensation and Related Compensation
- Benefits, received December 12, 2016 (claim for hearing loss)
- VA Audio examination, dated January 19, 2017
- Service Treatment Records for the period of service from November 10, 1987 through June 3, 1996; received August 30, 2007 and November 25, 2014
- VA Audio examination tinnitus addendum, dated May 5, 2017
- Supplemental Statement of the Case, dated June 28, 2018
- VA Form 27-0820, Report of General Information, dated July 9, 2018
- Letter from your POA, received November 19, 2018
- Rating Decision, dated July 2, 2013
- Decision notification letter was sent to you, dated November 26, 2013
- Letters from your POA, received August 1, 2013, September 3, 2013, and October 15, 2013
- Status inquiry from your POA, received November 26, 2013
- Notice of Disagreement, received February 24, 2014
- Statement of the Case, dated June 24, 2014
- Supplemental Statement of the Case, dated March 18, 2015
- Letter from your POA, received June 24, 2015
- School Records, Rawlings Jr High and Cleveland Public Schools, received May 19, 2016
- Rating Decision, dated August 5, 2016
- Decision notification letter was sent to you, dated August 10, 2016
- Notice of Disagreement, election traditional process, received December 12, 2016

- Appeals election letter was sent to you, dated January 4, 2017
- VA Form 21-8940, Veteran's Application For Increased Compensation Based On
- Unemployability, received August 16, 2016 and August 20, 2016
- VA Form 21-0820 Report of General Information, dated September 15, 2016, clarifying
- individual unemployability claim
- Section (§) 5103 Notice, dated September 19, 2016
- VA Review Posttraumatic Stress Disorder Examination, dated October 11, 2016
- VA Review Evaluation of Residuals of Traumatic Brain Injury Examination, dated
- October11, 2016
- Board of Veterans' Appeals Decision, dated October 18, 2016
- VA Respiratory Examination, dated September 26, 2016
- Letter from your POA, received December 12, 2016
- Board of Veterans' Appeals Decisions, dated August 17, 2004 and January 1, 2013
- VA Form 21-4138, Statement in Support of Claim, received December 12, 2016, stressor
- statement, dated December 12, 2000
- Letter from your POA, received December 15, 2016
- Vocational Rehabilitation Counseling Narrative Report, received May 19, 2017
- VA Form 21-4192, Request For Employment Information in Connection With Claim For
- Disability Benefits, received from Department of Veterans Affairs, US Office of Personnel
- Management on July 10, 2017
- VA Review Posttraumatic Stress Disorder Examination, dated November 13, 2017
- Letter from your POA, received November 24, 2017
- VA letter concerning your claim, dated November 29, 2017
- VA letter concerning your Social Security Administration records, dated January 2, 2018
- VA Form 21-4192, Request For Employment Information in Connection With Claim For Disability Benefits, received from Louis Stokes VA Medical Center on February 16, 2018

- Vocational Rehabilitation and Education records, received February 21, 2018
- Social Security Administration records, received February 28, 2018
- VA letter concerning your claim, dated March 8, 2018
- Rating Decision, dated May 22, 2018
- Appellant's Brief, received October 12, 2018
- Court of Appeals for Veterans Claims Memorandum, dated October 18, 2016; received October 12, 2018
- VA Initial Evaluation of Residuals of Traumatic Brain Injury Examination, dated July 8, 2014
- Akron Metropolitan Housing Authority Verification of Pension or Annuity Income, received July 8, 2013

Appx120-121 (Appx37-140). Mr. Cleveland appealed that decision, arguing that he was entitled to earlier effective dates for each of the above-listed claims.

## III. THE BOARD'S LATEST DECISION IN MR. CLEVELAND'S CASE

On June 2, 2020, the Board issued a decision (the "Decision") purporting to remand Mr. Cleveland's claims with respect to earlier effective dates for tinnitus, TDIU, and DEA. Appx15 (Appx15-18). However, in the Decision, the Board also found that the Mr. Cleveland "did not meet the requirements for" an earlier effective date for service-connected TDIU or DEA because "he was not unemployable due to service-connected disabilities" and "was not in receipt of service connection for a permanent and total disability." *Id.* And the Board concluded as a matter of law that the "criteria for an . . . earlier" effective date for TDIU and DEA had "not been met." Appx16 (Appx15-18).

## IV. THE REGIONAL OFFICE'S ACTION ON REMAND

A mere nine days after the Board's "decision on your appeal," the Regional Office issued an "implement[ing] . . . decision" based on, among other things, the "Board of Veterans Appeals Decision, dated June 2, 2020" and the limited new Social Security Administration medical records it obtained from that agency, which it had received two days before the decision and which did not bear on the question of TDIU and DEA eligibility under Sections 5110 and 3105. Appx22-23 (Appx19-30).[2]  On June 8, 2021, Mr. Cleveland filed a notice of disagreement with that decision (proceeding with that challenge concurrently with the issues in this appeal). Appx168-179 (Appx161-184).  Now, nearly two years later, Mr. Cleveland's claims for earlier effective dates are still pending before the Board.  He is unlikely to receive a decision from the Board before 2024, if not later.

---

[2] Because Mr. Cleveland's appeal did not proceed through merits briefing before the Veterans Court, the Veterans Court did not prepare a Record of Proceedings.  However, had it done so, this document would have been included. *See* Vet. App. R. 28.1(a)(1)(C) (requiring the Record of Proceedings to include, in addition to the contents of the Record Before the Agency, "any other document before the Secretary and the Board that are relevant to the issues before the Board that are on appeal to the Court or are relevant to issues otherwise raised in the appeal").  This Court can and should take judicial notice of the Regional Office's action on remand from the Board, particularly because the decision confirms the preclusive effect of the Board's decision and was referenced before the Veterans Court. *See B.V.D. Licensing Corp. v. Body Action Design, Inc.*, 846 F.2d 727, 728 (Fed. Cir. 1988) (taking judicial notice of facts known within its jurisdiction); Appx162 (Appx161-163); Appx164-165 (Appx164-184).

## V. THE VETERANS COURT'S SINGLE-JUDGE ORDER DISMISSING FOR LACK OF JURISDICTION

On September 29, 2020, Mr. Cleveland appealed the Board's June 2 Decision. Appx1 (Appx1-6). However, before the Veterans Court reached the merits of the appeal, the Secretary filed a Motion to Dismiss (the "Motion"), asserting that the Veterans Court lacked jurisdiction to hear the appeal. Appx31-37. Specifically, the Secretary argued that 38 U.S.C. § 7252(a) only granted the Veterans Court jurisdiction over appeals of "decisions," that the Board's June 2 Decision is a remand order, and that a remand order is not a decision under that statute. Appx34 (Appx31-37). Mr. Cleveland responded that the Decision, although labeled by the Board only as being a remand, denied Mr. Cleveland's entitlement prior to August 16, 2016 to TDIU and DEA, containing detrimental findings of fact and conclusions of law that foreclosed the entitlements based on the evidence of record. Appx40-52 (Appx37-140); Appx155-161. Nonetheless, the Veterans Court granted the Motion. Appx1 (Appx1-6). In doing so, it adopted uncritically the Secretary's assertion that inclusion of the findings and conclusions that foreclosed entitled prior to August 16, 2016, to TDIU and DEA was "nothing more than a mistake," as well as the Secretary's "unequivocal[] aver[ment] that the Board's findings are not final or binding." Appx4-5 (Appx1-6) (citation and internal quotations omitted). Despite its attempts to minimize the preclusive effect of the Board's findings and conclusions, the Veterans Court nonetheless found it necessary to "return to the

Secretary's representations," "expect[ing] that the Secretary will work diligently to correct any future action by the Agency or the Board that is contrary to the Secretary's acknowledgement that the Board made a mistake" and that the Board did not consider its decision binding. Appx6 (Appx1-6). In short, the Veterans Court recognized, based on a plain reading of the Board's decision, the potential for *future* prejudice to Mr. Cleveland in proceedings on remand from the Board. However, the Veterans Court took no steps to remediate the harm already done to Mr. Cleveland, including as a result of the Board's denial of earlier effective dates based on the evidence then of record.

## SUMMARY OF THE ARGUMENT

The Veterans Court should not have dismissed Mr. Cleveland's appeal. Its failure to exercise its statutory jurisdiction constitutes reversible error for two reasons.

First, it wrongly ruled that this Court's precedents barred review of the Board's decision because it was a non-final "remand." In the agency context, however, decisions are generally reviewable when they determine a party's rights or obligations. Consistent with that understanding, under Section 7252 and this Court's precedents, the Veterans Court has jurisdiction over decisions denying the benefits sought. In general, an order that simply remands a claim to the Regional Office for further factual development does not reach the merits and therefore is rarely

considered an appealable decision. However, when the Board denies benefits as part of a mixed decision—part of which is a denial and part of which is a remand—a veteran is entitled to immediately appeal the denied issues, and this Court has permitted review of other Board decisions effectively denying the relief sought as well.

Here, while the Board's decision was styled as a remand, it was not a true remand. Rather, like other Board decisions denying benefits, it contained findings of fact and conclusions of law that determined that Mr. Cleveland was not entitled to the relief sought—an earlier effective date for his TDIU and DEA benefits. And the documents requested in the remand did not pertain to the two denied claims, but only to Mr. Cleveland's third claim. As such, it constituted a mixed decision, and the Veterans Court had jurisdiction to consider the two claims for which Mr. Cleveland had been denied relief.

The Veterans Court's rationale was mistaken. First, it pointed to the lack of a formal "order" denying relief, but appellate jurisdiction does not depend on the label appended to a document, but rather on what it does. This decision held that the criteria for two types of benefits were not satisfied and did not include instructions for further factual development of those two claims. It was thus a final appealable decision. Second, the court pointed to various procedural departures from the procedural aspects of a decision under Section 7104, but discrepancies in those

15

procedural elements do not control whether an order is final for jurisdictional purposes, and procedurally deficient decisions are still appealable under Section 7252. Third, the Veterans Court relied heavily on the Secretary's representations that the order was intended to be a pure remand and would not have preclusive effect. Not only were such assurances too late, since the Regional Office had already issued a new Rating Decision following the determinations set out in the Board's decision, but the Veterans' Court's own decision, urging the Secretary to take all steps necessary to correct any errors caused by its decision, belies the Secretary's empty assurances. And finally, the Veterans Court relied on inapposite case law considering orders that differed fundamentally from the order at issue here. Therefore, the Veterans' Court's decision should be overturned, because the order in this case was a final decision under this Court's precedents.

Second, even if this Court were to conclude that the Board's order was not a final decision in the classical sense of the word, the order is still an appealable decision under the unambiguous language of Section 7252, and any decisions of this Court to the contrary should be overturned. Judicial review of administrative actions receives a strong presumption in its favor, and that presumption is heightened by the precedents of this Court and the United States Supreme Court, which resolve any interpretive doubt relating to veterans' benefit statutes in the veteran's favor. Limitations on appellate jurisdiction must be expressed unambiguously, and where

16

no such limitations exist, courts cannot read them in. No express limitations are present in Section 7252. On the contrary, that statute gives the Veterans Court jurisdiction over "decisions" writ large—determinations made after consideration of the facts and the law disposing of a claim. The statute does *not* require that the decision be final, in contrast to other jurisdictional statutory schemes. And the statutory scheme supports the plain language reading, using different terms to refer to different types or aspects of rulings, depending on the issue being addressed. Moreover, while dicta in some of the Court's decisions may be in tension with this reading of the statute, those cases either did not analyze the statutory text or dealt with distinct factual scenarios and thus do not compel the same results here.

Because the Board's order rendered a determination on the merits that denied Mr. Cleveland relief, the Veterans Court erred in artificially limiting its jurisdiction and dismissing the appeal. As such, its decision should be reversed, and this case remanded to the Veterans Court for full consideration of Mr. Cleveland's appeal on the merits.

## ARGUMENT

### I. STANDARD OF REVIEW

This Court "review[s] the Veterans Court's statutory interpretation *de novo*." *Sucic v. Wilkie*, 921 F.3d 1095, 1098 (Fed. Cir. 2019); *see also Frederick v. Shinseki*, 684 F.3d 1263, 1265 (Fed. Cir. 2012) ("We review legal determinations by the

Veterans Court independently without deference."). The Court does "not review factual determinations or the application of law to a particular set of facts," however, unless a constitutional issue is presented. *Boggs v. West*, 188 F.3d 1335, 1337 (Fed. Cir. 1999). Congress has instructed that this Court shall decide all relevant questions of law and shall hold unlawful and set aside any misinterpretation upon which the Veterans Court prejudicially relies. *See* 38 U.S.C. § 7292(d)(1). If this Court agrees that a Veterans Court decision is not in accordance with law, it may reverse the decision and remand the matter as appropriate. *Id.* § 7292(e)(1).

## II. THE VETERANS COURT ERRONEOUSLY CONCLUDED THAT THIS COURT'S PRECEDENT BARRED REVIEW OF THE BOARD'S DECISION.

### A. This Court's precedent establishes that the Veterans Court has jurisdiction over denials that the Board issues as part of mixed (part-denial, part-remand) decisions.

This Court has recognized that there is not always "precise congruence between 'the classical jurisdictional requirements' applied to appeals from district courts and the jurisdictional standards applicable to review of administrative proceedings." *Elkins v. Gober*, 229 F.3d 1369, 1373 (Fed. Cir. 2000) (quoting *Dewey Electronics Corp. v. United States*, 803 F.2d 650, 654 (Fed. Cir. 1986)). Rather, "[t]he relevant consideration, in determining whether an administrative adjudication is sufficiently 'final' is 'whether the process of the administrative decisionmaking has reached a stage where judicial review will not disrupt the orderly process of adjudication and whether rights or obligations have been determined or

legal consequences will flow from the agency action.'" *Elkins*, 229 F.3d at 1373 (quoting *Dewey Electronics Corp.*, 803 F.2d at 654 and *Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62, 71 (1970)) )); *see also Axon Enter., Inc. v. Fed. Trade Comm'n*, No. 21-1239, 2023 WL 2938328, at *9 (U.S. Apr. 14, 2023) (in unanimous decision, holding that the alleged right "not to undergo the complained-of agency proceedings" is "effectively lost" if it cannot be asserted "until the proceedings are over").

As the Court has gone on to explain, a "'decision' of the Board, for purposes of the Veterans Court's jurisdiction under section 7252, is the decision with respect to the benefit sought by the veteran: those benefits are either granted (in which case the Secretary of Veterans Affairs (Secretary) is bound by the decision and, under section 7252, may not appeal to the Veterans Court), or they are denied." *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000); *see also Gardner-Dickson v. Wilkie*, 33 Vet. App. 50, 56 (2020), *aff'd per curiam sub nom. Gardner-Dickson v. McDonough*, No. 2021-1462, 2021 WL 5144367 (Fed. Cir. Nov. 5, 2021) (affirmed under Fed. Cir. R. 36). Where the Board orders remand and its written decision "contains no order granting or denying relief," the Court has typically concluded that such a pure remand order is interlocutory and that judicial review of the interlocutory order is foreclosed. *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005). That framework indeed is appropriate for many orders that the Board identifies as a remand, which, true to that interlocutory descriptor, do not contain dispositive findings of fact or conclusions of law but, instead, simply direct that the factual

record be further developed and the Regional Office's decision be reconsidered de novo. *See id.*; *see also Mote v. Wilkie*, 976 F.3d 1337, 1341 (Fed. Cir. 2020) (distinguishing between a pure remand for factual development and a decision denying benefits); *Allen v. Principi*, 237 F.3d 1368, 1373 (Fed. Cir. 2001) (permitting review of a Veterans Court remand order "where it was clear that the remand proceedings would not result in granting the veteran the relief he sought" in light of findings in the remand order]).

But "[w]hen the Board renders a clear definitive denial of benefits as part of a mixed decision, . . . the veteran not only can appeal immediately, but must bring any appeal from the denial portion within the 120–day period allowed by statute. Such a denial is a 'final decision,' as explained above, not an interlocutory decision." *Tyrues v. Shinseki*, 732 F.3d 1351, 1357 (Fed. Cir. 2013) (likening mixed Board decisions to partial final judgments by district courts); *see also Mil.-Veterans Advoc. v. Sec'y of Veterans Affs.*, 7 F.4th 1110, 1144 (Fed. Cir. 2021) (holding, albeit in the context of the Veterans Appeals Improvement and Modernization Act, that a veteran may seek concurrent judicial and administrative review, appealing a Board denial based on the evidence then of record to the Veterans Court while participating in Regional Office proceedings on the basis of evidence that was not yet of record when the Board issued its decision).

**B.    The Board's decision here was a "remand" in name only, as it expressly denied an earlier effective date for TDIU and DEA benefits, making it subject to immediate review.**

Here, the Board's order plainly included each of the elements of a decision and denied two of Mr. Cleveland's claims for benefits (while remanding his third claim).  Mr. Cleveland sought the following: (1) an earlier effective date for his TDIU rating; (2) an earlier effective date for DEA; and (3) an earlier effective date for service-connected tinnitus.  Appx15 (Appx15-18).  While the Board purported to remand all three claims "to correct several pre-decisional errors . . . ," the only claim referenced in its analysis relating to the remand was that for tinnitus.  Appx17-18 (Appx15-18) ("[I]n August 2017 and July 2019 correspondences, the Veteran's private attorney requested the curriculum vitae (CV) and 'engagement letter' for the VA clinician who authored the . . . audiology report and . . . tinnitus addendum.").  Further, with respect to Mr. Cleveland's TDIU and DEA claims, the Board found that he "did not meet the requirements for the grant of a TDIU because he was not unemployable due to service connection for a permanent and total disability" and that he "was not in receipt of service connection for a permanent and total disability."  Appx15, Appx17 (Appx15-18).  The Board then concluded, in a section titled "conclusions of law," that "the criteria for an [earlier] effective date" for the "grant of TDIU [had] not been met" and that "the criteria for an [earlier] effective date" for

21

the "award of DEA under 38 U.S.C., Chapter 35[,] [had] not been met." Appx16 (Appx15-18).

It follows that the Board's decision was a decision for the purposes of Section 7252(a). Indeed, it contained a written statement of the Board's findings and conclusions with respect to Mr. Cleveland's TDIU and DEA claims and an explicit denial of those claims, thereby "determin[ing]" Mr. Cleveland's "rights or obligations" and "denying relief." *Elkins*, 229 F.3d at 1373; *Kirkpatrick*, 417 F.3d at 1364; 37 U.S.C. § 7104(d); Appx15-16 (Appx15-18); *see also Allen*, 237 F.3d at 1372–74.

Moreover, "legal consequences . . . flow[ed] from" these denials of benefits, such that the remand proceedings could not and did not result in granting the veteran the relief he sought, constituting a "sufficiently 'final'" decision under *Elkins* and *Allen*. *Elkins*, 229 F.3d at 1373; *Allen*, 237 F.3d at 1372–74; *see* Appx22(Appx19–30). The fact that the Veterans Court also ordered the Board to ensure that the record below included various documents with no relevance to the denied and appealed claims to "correct" technical "pre-decisional errors in the duty to assist" with regard to the third claim does not render the Board's "clear definitive denial" of entitlement to TDIU and DEA benefits before a certain date any less a denial. Appx6 (Appx1-6). While the Board's decision included a nominal remand, the "remand" was only to obtain medical records relating to the tinnitus diagnosis and a resume and

22

engagement letter for a physician who had previously submitted reports relating to the tinnitus claim, none of which had any relevance to the Board's determination of the effective date for TDIU and DEA benefits and reason for denying the benefits sought. Appx17-18 (Appx15-18); *see Tyrues*, 732 F.3d at 1355 (holding that "a veteran can immediately appeal . . . a decision that definitively denies benefits on one statutory ground while remanding for consideration of entitlement to benefits on another ground."). The "legal consequences . . . flow[ing] from" the Board's decision are clear—just eleven days after the Veterans Court's decision was issued, the Regional Office issued its "new" decision, listing the Veterans Court's "Appeals Decision, dated June 2, 2020" as "evidence" it had considered and repeating the Veterans Court's conclusions of law. *Elkins*, 229 F.3d at 1373; Appx22-23 (Appx19-30).

In sum, the Board's order is an appealable decision with respect to Mr. Cleveland's denied claims, and the Veterans Court was incorrect to hold that it lacked jurisdiction over his appeal. *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005) (citing 38 U.S.C. § 7104(d)).

### C. The Veterans Court's conclusion that, on these facts, the Board's decision was not "final" and therefore unreviewable is wrong.

Here, the Veterans Court incorrectly concluded that the Board's order was not a decision, focusing on irrelevant considerations—the absence of certain procedural elements explaining the Board's decision and the Secretary's litigation position that

the Board's findings and conclusions in its decision are not "final or binding." Appx5 (Appx1-5). However, neither any styling or procedural deficiencies of the Board's decision nor counsel's litigation arguments make the Board decision here anything other than final under this Court's precedent.

*First*, the Veterans Court wrongly ruled that because the Board's decision was not a denial of relief because it did not "include an order granting appropriate relief or denying relief." Appx5 (Appx1-6). Contrary to the Veterans Court's reasoning, appellate jurisdiction does not depend on whether a district court labeled an order or a judgment as "final." *Riley v. Kennedy*, 553 U.S. 406, 419–20 (2008); *see Sullivan v. Finkelstein*, 496 U.S. 617, 628 n.7 (1990) (observing a district court may not "control [an] order's appealability" by choosing not to "caption its order as a 'judgment,' much less a 'final judgment,'" any more than it could by "label[ing] a nonappealable interlocutory order as a 'final judgment'"); *C.W. by & through B.W. v. Denver Cnty. Sch. Dist. No. 1*, 994 F.3d 1215, 1220–21 (10th Cir. 2021) (noting that the "practical finality rule" often arises in the context of agency orders, since an agency "must conform its proceedings to the remand order"). Here, by telling Mr. Cleveland that he did not satisfy the criteria for TDIU and DEA benefits as a matter of law and remanding with instructions to only develop the record on a different claim, effectively precluding the Regional Office from reaching a different conclusion, the Board denied Mr. Cleveland the relief he sought, making that

decision an immediately appealable decision with regard to his TDIU and DEA claims.

*Second*, the Veterans Court erroneously suggested that because the only analysis in the order "pertain[ed] to the Board's reasons for remanding the matters for additional evidentiary development," it was not a final order under 38 U.S.C. § 7104. Appx5 (Appx1-6). But Section 7104 does not control whether an order is in fact final for jurisdictional purposes. Rather, it merely includes procedural, non-jurisdictional requirements: inclusion of a written statement of findings and conclusions, reasons or bases for those findings and conclusions, and a grant or denial of relief. Here, the order included most of those elements, and particularly the ones most likely to communicate finality.

Moreover, decisions that are procedurally deficient, even those that only implicitly deny claims, are still appealable under Section 7252(a). *See, e.g., Adams v. Shinseki*, 568 F.3d 956, 961–62 (Fed. Cir. 2009) (addressing the "implicit denial" rule); *Carpenter v. Brown*, 10 Vet. App. 248, 248 (1997) (per curiam order) (noting that the Board decision had "implicitly denied" the appellant's claim and ordering the parties to file supplemental memoranda regarding certain merits issues); *see also Carpenter v. Brown*, 11 Vet. App. 140, 141 (1998) (later ruling in same appeal; merits vacatur and remand); *id*. at 145 (holding, separately, that "the appellant is now entitled to attack the 1984 BVA decision on CUE [clear and unmistakable error]

grounds as to *both* its implicit determination that the 1975 [Regional Office] decision had committed CUE in awarding TDIU *and* as to its explicit determination that the veteran as of 1984 was no longer entitled to TDIU" (emphases in original)). *Cf. Kelly v. Nicholson*, 463 F.3d 1349, 1355 (Fed. Cir. 2006) ("It would be incongruous to allow courts to make an end run around the purposes underlying EAJA [the Equal Access to Justice Act] by . . . masking its actions in artfully worded orders.").

*Third*, the Veterans Court ruled that the inclusion of findings of fact and conclusions of law in the order "was nothing more than a mistake" and was therefore insufficient to confer jurisdiction, relying on the Secretary's representations. Appx5 (Appx1-6). But even the Veterans Court was not entirely convinced, stressing that the Secretary must correct any subsequent errors inconsistent with counsel's in-court representations. Appx6 (Appx1-6). And for good reason—the findings of fact and conclusions of law were stated in a final, definitive manner, and the discussion of remand did not instruct the Regional Office to gather any additional records related to Mr. Cleveland's TDIU and DEA claims, giving them no basis for departing from the Board's decision. Indeed, "it is improper for a lower tribunal (the R[egional ]O[ffice]) to review the decision of a higher tribunal (the Board . . .)." *Brown v. West*, 203 F.3d 1378, 1381 (Fed. Cir. 2000); 38 C.F.R. § 20.1303 ("Board decisions will be considered binding … with regard to the specific case decided."). And as one might expect, the Regional Office abided by the Board's findings of fact

26

and conclusions of law in their entirety. Appx19-30. Mistakenly entering a final decision does not make the order any less a final decision.

*Fourth*, the Veterans Court relied on case law considering true remand orders—very different from the order before it. Appx4-5 (Appx1-6). For example, in *Breeden v. Principi*, the Veterans Court remanded a claim for service-connected post-traumatic stress disorder ("PTSD"), ordering that (1) the veteran "be reexamined by a [Department of Veterans Affairs] psychiatrist;" (2) "any evidence of in-service stressors . . . be made available to the examiner;" and (3) the Board "reconsider whether the veteran had engaged in combat." 17 Vet. App. 475, 476 (2004). The Board, in turn, remanded the case to a Regional Office of the Department of Veterans Affairs, instructing that the veteran be examined by a VA psychiatrist and providing a list of stressors. *See id.* Because the Board's remand did not address whether the veteran had engaged in combat, the veteran appealed, arguing that it was "a final decision with respect to his combat status and exposure to stressors." *See id.* at 478. Upon review, the Veterans Court found that the remand order did not contain any findings, "much less [a] final[] rul[ing]" as to either issue. *See id.* Thus, the remand order was not a decision, and the Veterans Court lacked jurisdiction to hear the appeal. *See id.*

Similarly, in *Kirkpatrick*, the Veterans Court remanded a veteran's case to the Board based on its "failure to address evidence favorable to the veteran" as well as

its "improper weighing of certain medical evidence." 417 F.3d at 1362. The Board, in turn, "remanded the case to the Regional Office for additional medical examinations." *Id.* After the remand, the veteran filed a motion for reconsideration, arguing that the Board lacked authority to remand because its jurisdiction was limited to the remediation requested by the Veterans Court. *See id.* at 1364-65. The Board declined to address that jurisdictional argument and proceeded with the remand. *See id.* The veteran then appealed the Board's remand order, raising the same jurisdictional arguments that he had in the motion for reconsideration. The Veterans Court denied the appeal, and this Court affirmed, holding that the Veterans Court lacked jurisdiction over the jurisdictional arguments because the Board had not decided the motion for reconsideration (where those arguments were first raised). *See id.* In other words, because the pure remand did not contain a decision with respect to the issues on appeal, the Veterans Court lacked jurisdiction to hear the appeal. *See id.*

Therefore, the Veterans Court erred in ruling that that it lacked jurisdiction to consider the Board's final, appealable decision denying Mr. Cleveland's benefits claims.

### III. IF THIS COURT'S PRECEDENT DOES BAR REVIEW OF THE BOARD'S DECISION HERE, THEN THOSE DECISIONS SHOULD BE OVERRULED.

#### A. Judicial review of any agency decision is presumed absent clear and unambiguous language to the contrary.

There is a "'well-settled' and 'strong presumption'" "favoring judicial review of administrative action." (citations omitted). *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1069 (2020). Courts may abdicate judicial review only in the face of "'clear and convincing evidence' of congressional intent to preclude judicial review." *Id.* (quoting *Reno v. Catholic Social Servs., Inc.*, 509 U.S. 43, 64 (1993). The Secretary "faces a 'heavy burden'" when seeking to overcome this presumption. *Bowen v. Michigan Acad. of Fam. Physicians*, 476 U.S. 667, 672 (1986) (citations omitted); *Guerrero-Lasprilla*, 140 S. Ct. at 1069. This is particularly true in non-adversarial proceedings, like those involving veterans benefits, where "[n]o matter how dedicated and how competent administrators may be, the possibility of error is always present." *Park 'N Fly*, 469 U.S. 189, 212 (1985) (Stevens, J., dissenting); *Henderson v. Shinseki*, 562 U.S. 428, 431 (2011) (describing the VA system as *ex parte* and non-adversarial); *see also Axon Enter., Inc.*, 2023 WL 2938328, at *9 (in unanimous decision, holding that the alleged right "not to undergo the complained-of agency proceedings" is "effectively lost" if it cannot be asserted "until the proceedings are over").

Moreover, in cases involving veterans' benefits statutes, this Court resolves any "interpretive doubt" over the meaning of the statute "in the veteran's favor,"

under the pro-veteran canon. *Brown v. Gardner*, 513 U.S. 115, 118 (1994); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 441 (2011); *King v. St. Vincent's Hosp.*, 502 U.S. 215, 220 n.9 (1991); *see also Walton v. Cotton*, 60 U.S. (19 How.) 355, 358 (1856) (presuming Congress intended a Revolutionary War veterans' benefit statute to "lead to an equitable and not a capricious result"); *accord Hayburn's Case*, 2 U.S. (2 Dall.) 408, 410 (1792) (subjoining letter from Chief Justice John Jay, sitting as circuit judge, interpreting Revolutionary War veterans' benefits statute so that "the objects of this act are exceedingly benevolent, and do real honor to the humanity and justice of Congress"); *see also* Brief of the Commonwealth of Virginia, 32 Other States, and the District of Columbia, *Rudisill v. McDonough* (U.S. No. 22-888 Apr. 14, 2023) (arguing that the pro-veteran canon is a "substantive canon" that "safeguard[s] important substantive values," with its roots tracing back to the Founding, and criticizing this Court for giving the canon short shrift). Under this long-standing rule, statutes are "liberally construed for the benefit of those who left private life to serve their country." *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 285, 66 S. Ct. 1105, 1111, 90 L. Ed. 1230 (1946); *Coffy v. Republic Steel Corp.*, 447 U.S. 191, 196, 100 S. Ct. 2100, 2104, 65 L. Ed. 2d 53 (1980); *Henderson*, 562 U.S. at 441 (citing *St. Vincent's Hospital*, *Coffy*, and *Fishgold*).

In applying these strong presumptions, then, when "a statute is reasonably susceptible to divergent interpretation" courts must "adopt the reading that accords with traditional understandings and basic principles: that executive determinations

30

generally are subject to judicial review." *Kucana v. Holder*, 558 U.S. 233, 251 (2010) (quotations omitted).

**B.** **The Veterans Court's jurisdictional statute contains no clear and unambiguous exception insulating decisions like that at issue here from review.**

As the Supreme Court recently recognized, "since 1988 Congress has generally allowed veterans 120 days to appeal *any* Board decision" denying relief to the Veterans Court, in contrast to the pre-Veterans' Judicial Review Act days. *George v. McDonough*, 142 S. Ct. 1953, 1957 (2022) (citing *Henderson v. Shinseki*, 562 U.S. 428, 432, and n. 1 (2011); 38 U.S.C. §§ 7252(a), 7261(a), 7266(a)) (emphasis added). Section 7252 grants the Veterans Court "exclusive jurisdiction to review *decisions* of the Board of Veterans' Appeals." 38 U.S.C. § 7252(a). The word "final" does not appear in Section 7252(a). Indeed, nothing in the statutory scheme limits the Veterans Court's jurisdiction to "final" decisions. And while Congress has not defined what constitutes a Board "decision," *see* 38 U.S.C. § 101 (defining terms "[f]or the purposes of this title"; not defining "decision" or "final decision"); *id*. §§ 7101–7113 (title 38, chapter 71, "Board of Veterans' Appeals"; same); *id.* § 7252, it has no need—Section 7252(a)'s context and traditional canons of construction make plain that orders like the one at issue here are "decisions of the Board of Veterans' Appeals" under the statute.

First, the ordinary meaning of "decision" supports Mr. Cleveland's position. A "decision" is a "judicial determination after consideration of the facts and the law; esp., a ruling, order, or judgment pronounced . . . when considering or disposing of a case." Black's Law Dictionary 414 (7th ed. 1999). This is, notably, in contrast to "final decision," which is a last action that settles the rights of the parties and disposes of all issues in controversy, except for the award of costs." *Id.* at 847 (defining "final judgment," "[a]lso termed . . . final decision"). Here, as the Secretary conceded below, "[t]he Board's decision included . . . findings and conclusions . . . detrimental to Appellant's claims." Appx34 (Appx31-36). These "findings of fact" and "conclusions of law," Appx15-16 (Appx15-18), a "judicial determination after consideration of the facts and the law," Black's Law Dictionary 414, thus constituted an appealable "decision" within the plain meaning of Section 7252(a).

Second, the statutory scheme reinforces this reading. Section 7252 appears in Title 38, Part V, Chapter 72 of Title 38, governing "Veterans Benefits" review, and it is the sole statute defining the scope of the Veterans Court's jurisdiction. By contrast, the surrounding statutes, including Section 7266, provide procedural parameters that apply when the Veterans Court's jurisdiction is otherwise justified, or make clear that the decisions referenced in Section 7252 include any determination by the Board. *See Henderson*, 562 U.S. at 439–441 (holding that

32

Section 7266(a) was a procedural statute and did not have jurisdictional attributes); 38 U.S.C. §§ 7102, 7104, 7266.

Section 7266 provides that "[i]n order to obtain review . . . of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days." Some Veterans Court decisions, including the decision appealed here, have used this non-jurisdictional statute to read the word "final" into Section 7252's jurisdictional provisions, but this reading is inconsistent both with bedrock canons of statutory interpretation as well as with the purpose of the statute. "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983); *Clay v. United States*, 537 U.S. 522, 528–29 (2003); *Spicer v. McDonough*, 61 F.4th 1360, 1365 (Fed. Cir. 2023); *Lefevre v. Sec'y Dep't of Veterans Affairs*, 66 F.3d 1191, 1200–1201 (Fed. Cir. 1995). Courts should "not presume to ascribe this difference to a simple mistake in draftsmanship." *Russello*, 464 U.S. at 23. Rather, this statute may be more faithfully read as being designed to establish the claims-processing deadline for seeking judicial review of a truly final Board decision before it becomes generally unreviewable. *See Henderson*, 562 U.S. at 435 ("Filing deadlines, such as the 120–day filing deadline at issue here, are quintessential claim-processing rules,"

33

which "should not be described as jurisdictional."). It says nothing about the availability of interlocutory review of other Board decisions while a case remains ongoing, even if those interlocutory decisions could alternatively be reviewed on appeal together with a final decision.

The statutes governing Board decisions, including Sections 7102 and 7104, are also consistent with this interpretation. Section 7102(a) states that the Board "shall make a determination" on any "proceeding instituted before the Board," and then provides that the Board "shall make a report under [Section 7104(d)] on any such determination, which report shall constitute the final disposition." 38 U.S.C. § 7102(a). Section 7103 describes a determination under Section 7102 as a "decision." *Id.* § 7103. Section 7104(a) next provides that "[a]ll questions in a matter which under section 511(a) . . . is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary." *Id.* § 7104. Section 511(a), incorporated by reference, requires the Secretary to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." *Id.* § 511. And Section 7104(d) provides that once the Board has reached a "decision," it must memorialize it in a "report" or "written decision." Chapter 71, in short, requires the Board, in any proceeding, to make a "decision" on "all questions" that affect the provision of benefits "in a

matter." *Id.* § 7104. It is these "decisions" that constitute the basis for an appeal to the Veterans Court under Section 7252(a).

This statutory scheme, consistent with Congress's "long standing" "solicitude . . . for veterans," *Henderson*, 562 U.S. at 440 (quoting *United States v. Oregon*, 366 U.S. 643, 647 (1961)), stands in contrast to other jurisdictional statutes outside the veterans' benefit context. For example, 28 U.S.C. § 1291, which governs the appellate jurisdiction of federal courts of appeal other than the Federal Circuit, grants appellate courts "jurisdiction of appeals from all *final* decisions of the district courts of the United States . . . ." (Emphasis added). As multiple courts have recognized, this statute expressly requires a "final" decision for jurisdiction to vest. *See e.g.*, *C.W. by & through B.W. v. Denver Cnty. Sch. Dist. No. 1*, 994 F.3d 1215, 1220 (10th Cir. 2021) (requiring every appellant to "prov[e] appellate jurisdiction by demonstrating the finality of the challenged decision or identifying a specific grant of jurisdiction" in light of the "final decision" requirement—but even there acknowledging the practical finality rule); *Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006) (dismissing appeal as premature because the orders in question "were not final, appealable orders" "within the meaning of § 1291"); *Petereit v. S.B. Thomas, Inc.*, 63 F.3d 1169, 1175 (2d Cir. 1995) ("An appellate court's jurisdiction is defined by statute, limited generally to appeals from final judgments of the district courts pursuant to 28 U.S.C. § 1291 (1988), and from certain interlocutory orders

pursuant to 28 U.S.C. § 1292.").  Unlike Section 1291, Section 7252 contains no such express finality requirement in the context of veterans appeals.

The Administrative Procedure Act ("APA") provides another useful analog. The APA "allows judicial review in two situations: 'Agency action made reviewable by statute and *final* agency action for which there is no other adequate remedy in a court . . . .'"  *Iowa League of Cities v. EPA*, 711 F.3d 844, 863 n.12 (8th Cir. 2013) (interpreting the first part of 5 U.S.C. § 704 as contemplating review of some non-final agency decisions "made reviewable" by statute); *but see Ashford Univ. LLC v. Sec'y of Veterans Affairs*, 951 F.3d 1332, 1343–44 & 1344 n.8 (Fed. Cir. 2020) (taking a different approach in light of the legislative history of the statute, which included express references to an intent to limit review).  As the Eighth Circuit has noted, "[t]he word 'final' modifies the second use of 'agency action,' but not the first," leading the Eighth Circuit to "decline to conjure up a finality requirement for '[a]gency actions made reviewable by statute' where none is located in the text of the APA."  *Id.*  The same rationale holds true for Section 7252, and its statutory scheme and pro-veteran history support adherence to its text to an even greater degree.[3]

---

[3] Indeed, if anything, Congress intended to drastically liberalize review of the Board's decisions when it enacted Section 7252, by expressly providing for the first time for judicial review of veterans' benefits decisions.  As this Court explained in *Bates v. Nicholson*, 398 F.3d 1355, 1362–64 (Fed. Cir. 2005): "[T]he effect of the 1988 legislation was to generally place judicial review of Secretarial decisions

Therefore, in light of the presumption of appellate jurisdiction, particularly in the veterans' benefit context, and the lack of a clear and unambiguous exception insulating decisions like the one issued to Mr. Cleveland from review, the Veterans Court had jurisdiction over his appeal under Section 7252.

## C.    This Court's decisions to the contrary are mistaken.

Although the Veterans Court cited a handful of panel decisions from this Court in support of concluding that it lacked jurisdiction to review the Board Decision here, that reliance was misplaced because this Court's decisions permitting Veteran Court review only of so-called "final" Board decisions conflicts with the statutory scheme.  While these cases involve different factual circumstances and are distinguishable on that basis, to the extent this Court chooses to revisit its past precedents, *en banc* review may be necessary under Federal Rule of Appellate Procedure 35(a) and Federal Circuit Rule 35(a) in order to ensure uniformity of the court's decisions and given the importance of appellate review to veterans, particularly in light of the multi-year delays in adjudication of benefits claims often attendant with remand orders.

---

'under a law that affects the provision of benefits' within" a new, "specialized review process" consisting of review by the Board, Veterans Court, and this Court. *Id*. at 1364 (quoting Section 511(a)). The Court explained that in 1988 Congress liberalized the language of Section 511(a), effectively subjecting all of the Secretary's benefits decision-making to the new review process. *Id*. (citing H. Rep. No. 100-963, at 27, as reprinted in 1988 U.S.C.C.A.N. 5782, 5809).

*First*, the Veterans Court cited *Skaar v. McDonough* (*Skaar III*), 48 F. 4th 1323, 1332 (Fed. Cir. 2022) (petition for writ of certiorari pending), *vacating Skaar v. Wilkie* (*Skaar I*), 32 Vet. App. 156 (2019) (en banc order), *and vacating in part Skaar v. Wilkie* (*Skaar II*), 33 Vet. App. 127 (2020), for the proposition that a final decision was necessary to trigger Veterans Court jurisdiction. Appx4-5 (Appx1-6). But this proposition was dicta. The issue in *Skaar III* was not whether a decision needs to be final, but whether the Veterans Court could issue a decision in an action brought to it on appeal of a Board denial certifying a class of veterans exposed to plutonium dust to include "veterans who have not yet filed a claim" and who thus had not received a Board decision of *any* kind. The Court did not analyze the text or context of Section 7252, but focused on the lack of "a decision of the Board," as required by Section 7252's language, "with respect to the benefit sought by the veteran," since that defined the subject matter of the particular class at issue there. *Id.* at 1332–33. Moreover, this Court did not dispute that the order certifying a class was itself a "decision" over which it could exercise jurisdiction, even though it was not a final one, because the Federal Circuit's jurisdictional statute, Section 7292, "does not expressly premise appellate review on the finality of the Veterans Court's decision," allowing at least some non-final orders to be appealed. *Id.* at 1329–30.

*Second*, the Veterans Court cited *Mote v. Wilkie*, 976 F.3d 1337, 1341 (Fed. Cir. 2020), in support of its holding that a Board remand was not a decision within

the meaning of Section 7252(a).  Appx4 (Appx1-6).  But the *Mote* ruling is not fundamentally at odds with the ruling requested here.  The central issue in *Mote* was whether the Board had mooted Ms. Mote's mandamus petition to the Veterans Court for a "decision" from the Board, by remanding her administrative appeal to the Regional Office—a "mere" remand by the Board, with no findings of fact, conclusions of law, or other determination relating to the merits of her request for benefits.  *Mote*, 976 F.3d at 1341–42.  The court analyzed what *Ms. Mote* sought in her mandamus petition by requesting a "decision" and determined she likely was seeking "a grant or denial of benefits," referencing Section 7252 in dicta as one data point in that determination.  *Id.*  But since Ms. Mote had petitioned the Veterans Court directly for a writ of mandamus under the All Writs Act, and was not appealing from a ruling of the Board, she had no reason to invoke Section 7252 jurisdiction, and the *Mote* court did not reach the question of whether a "final" decision was necessary to satisfy the jurisdictional requirements of Section 7252.  *Id.* at 1339–42.  Moreover, nothing in its dicta indicates that it would have reached that decision, if asked.  On the contrary, its reasoning, such as it is, is consistent with the rule laid out here – that a determination of benefits entitlement is a decision within the meaning of Section 7252.  *Id.* at 1341–42.

*Third*, the Veterans Court cited *Kirkpatrick v. Nicholson*, 417 F.3d 1361 (Fed. Cir. 2005), as an example of a case declining to exercise jurisdiction over a remand

for additional development because it did not deny relief.  Appx4-5 (Appx1-6).  The *Kirkpatrick* case, unlike *Mote* (aside from its quotation of *Kirkpatrick* on this point, *see* 976 F.3d at 1341) and *Skaar*, did give some consideration to the omission of the word "final" from Section 7252(a), but even so it stopped short of suggesting anything more than an order "granting or denying relief" could be required.  And as with *Mote*, the *Kirkpatrick* Board did not decide the appellant's issue at all.  *See Kirkpatrick*, 417 F.3d at 1365.  The Federal Circuit accordingly held only that a pure remand, which avoided deciding the issue, does not give rise to Section 7252(a) jurisdiction.  *See id.* at 1364–65.  In other words, not only was there no *final* decision of the Board, but there was no decision of the Board at all.  In the present case, however, and unlike in the *Kirkpatrick* remand order, the Veterans Court *expressly* decided the entitlement—or purported lack thereof—at issue, issuing findings of fact and conclusions of law, based on the evidence before it, that Mr. Cleveland had not met the requirements to receive the benefits sought.  Appx15-16 (Appx15-18).  A clear line can thus be drawn between the order at issue in *Kirkpatrick* and the substantive decision the Board chose to issue to Mr. Cleveland.  A pure remand, devoid of commentary except as to specific documents to request, is very different from the decision at issue here, which made determinations regarding Mr. Cleveland's claims.

*Fourth*, the Veterans Court held, based on *Maggitt v. West*, 202 F.3d 1370 (Fed. Cir. 2000), that a decision of the Board for purposes of jurisdiction under Section 7252 "is the decision with respect to the benefit sought by the veteran," either granting or denying the benefit. Appx4 (Appx1-6). While the quotation is correct, the *Maggitt* court did not mean any restriction by that. *See* 202 F.3d at 1376. It made the statement only to distinguish *Ledford v. West*, where the veteran "never requested" a benefit from the Board—reinstatement of TDIU—and, "accordingly, the Veterans Court did not have jurisdiction over Ledford's claim" of entitlement to reinstatement of TDIU. *Id*. (citing *Ledford*, 136 F.3d 776, 779 (Fed. Cir. 1998)). *Maggitt* distinguishes *Ledford* because Maggitt had requested the benefits, just without presenting a supporting argument to the Board. *See id*. at 1376–77. *Maggitt*, in short, had neither occasion nor intent to limit "decision" in Section 7252 to a merits grant or denial - much less to a "final decision"—and certainly not in a way that would permit the Board to bar judicial review by labeling its decision a "remand." It did not do so.

Therefore, the dicta in the decisions cited by the Veterans Court does not govern this case nor prevent this Court from granting the relief sought. The Board's "conclusions of law" constitute a determination and, therefore, decision that may be appealed to the Veterans Court under the plain language of Section 7252. The clear language of the statute—even without the favorable presumption afforded by the

pro-veterans canon of interpretation, which only adds further clarity—gave Mr. Cleveland the right to appeal the Board's determination that he did not qualify for TDIU and DEA benefits to the Veterans Court, and the Veterans Court erred in dismissing his appeal for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, this Court should reverse the Veterans Court and remand for further proceedings consistent with this Court's order.

Respectfully submitted,

*/s/ Sarah E. Siu*
Sarah E. Siu, Esq.
Timothy L. McHugh, Esq.
Troutman Pepper Hamilton Sanders
1001 Haxall Point, 15th Floor
Richmond, VA 23219
(804) 697-2293
sarah.siu@troutman.com
tim.mchugh@troutman.com

John D. Niles, Esq.
Carpenter Chartered
P.O. Box 2099
Topeka, KS 66601
(785) 357-5251
john@carpenterchartered.com

John F. Cameron, Esq.
John F. Cameron, Attorney at Law
250 Commerce Street, Suite 201
P.O. Box 240666
Montgomery, AL 36124
(334) 356-4888
jcameron@attyjc.com

*Counsel for Claimant-Appellant*

# ADDENDUM

# TABLE OF CONTENTS

**Pages**

Order of Dismissal of the Court of Appeals for Veterans' Claims      Appx1
   (November 8, 2022)

Judgment of the Court of Appeals for Veterans' Claims      Appx7
   (December 1, 2022)

*Designated for electronic publication only*

# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 20-6780

HORACE CLEVELAND, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before MEREDITH, *Judge*.

**O R D E R**

*Note: Pursuant to U.S. Vet. App. R. 30(a),*
*this action may not be cited as precedent.*

On September 29, 2020, the appellant, Horace Cleveland, through counsel filed a Notice of Appeal (NOA) identifying June 2, 2020, as the date of the Board of Veterans' Appeals (Board) decision that he was seeking to appeal. That decision appears to remand the matters of entitlement to an effective date prior to December 12, 2016, for the grant of disability compensation for tinnitus[1] and prior to August 16, 2016, for the grant of a total disability rating based on individual unemployability (TDIU) and for dependents' educational assistance (DEA) under 38 U.S.C., chapter 35. *Horace Cleveland*, BVA 190715-15906 (June 2, 2020).

The Secretary filed a motion to dismiss the appeal for lack of subject matter jurisdiction. He asserts that the Board remanded the matters and therefore did not issue a *final* Board decision for purposes of invoking the Court's jurisdiction under 38 U.S.C. § 7252(a). The appellant disputes the Secretary's contentions, arguing in part that, despite the Board's purported remand, the Board rendered findings of fact and conclusions of law that are detrimental to his appeals and effectively denied entitlement to earlier effective dates. For the reasons that follow, the Court concludes that the June 2, 2020, remand is not a final Board decision for purposes of the Court's jurisdiction under 38 U.S.C. § 7252(a). Therefore, the Court will grant the Secretary's motion and dismiss this appeal for lack of jurisdiction.

---

[1] The appellant makes no argument that the Board rendered a final decision regarding the effective date for the award of benefits for tinnitus. Thus, the Court will not further discuss the matter.

## A. Background

As mentioned, on June 2, 2020, the Board remanded the matters of entitlement to an effective date prior to August 16, 2016, for the grant of TDIU and DEA. However, in addition to remanding those matters, the Board included the following "Findings of Fact" and "Conclusions of Law":

> [] Prior to August 16, 2016, the [appellant] did not meet the requirements for the grant of a TDIU [rating] because he was not unemployable due to service-connected disabilities.
>
> [] Prior to August 26, 2016, the [appellant] was not in receipt of service connection for a permanent and total disability.
>
> . . . .
>
> [] The criteria for an effective date earlier than August 16, 2016, for the grant of TDIU have not been met. 38 U.S.C. § 5110 (2012); 38 C.F.R. §§ 3.400(o), 4.16 (2019).
>
> [] The criteria for an effective date earlier than March 23, 2011,[2] for the award of DEA under 38 U.S.C., Chapter 35 have not been met. 38 U.S.C. §§ 3501, 5110 (2012); 38 C.F.R. §§ 3.400, 21.3020, 21.3021 (2019).

*Cleveland*, BVA 190715-15906, at 1-2 (June 2, 2020).

As for its statement of reasons or bases regarding both matters, the Board began as follows: "For the reasons expressed below, the Board concludes that a remand is necessary in order to correct several pre[]decisional errors in the duty to assist." *Id.* at 3. The Board explained in part that "records from the Social Security Administration (SSA) obtained by VA in February 2018 appear to be incomplete," and the Board instructed the agency of original jurisdiction (AOJ) to "request all documents pertaining to all applications by the [appellant] for SSA disability benefits, including the medical records considered in deciding the claim." *Id.* at 3-4. The Board did not include an order granting or denying relief. *Id.* at 1-4.

## B. The Parties' Arguments

In his motion to dismiss, the Secretary asserts that the Court lacks jurisdiction over the case because the Board did not issue a *final* decision and the appellant therefore has not exhausted his administrative remedies. Secretary's Motion to Dismiss at 1-5. Although the Secretary acknowledges that "[t]he Board's decision included contradictory findings of fact and conclusions of law that include findings and conclusions both favorable and *detrimental* to [the a]ppellant's claims," he maintains that "the orders, statement of reasons and bases, and directives provided in

---

[2] The Court notes that this date is inconsistent with the Board's description of the remanded matters, the above findings of fact, and the February 25, 2019, rating decision that awarded entitlement to DEA, effective August 16, 2016. *See* Appellant's Nov. 2, 2021, Opposition, Exhibits 3, 10.

the decision indicate all issues were remanded in full for additional development." *Id.* at 4 (emphasis added). The Secretary further notes that the AOJ issued a rating decision later in June 2020, denying the remanded matters, and that the appellant appealed that decision to the Board on June 8, 2021. *Id.* at 4 n.1.

In his opposition, the appellant argues in part that, despite the Board's purported "remand" and the absence of an express "[o]rder" denying both matters, the Board rendered findings of fact and conclusions of law that are detrimental to his appeals, and the Board effectively denied entitlement to earlier effective dates. Appellant's Nov. 2, 2021, Opposition at 1. He asserts that "a Board denial remains a denial" even if the Board fails to articulate the denial "in a section entitled '[o]rder' on the written decision's first page." *Id.* at 6; *see id.* at 10-13. The appellant further avers that the Board's June 2020 decision "sets a *binding status quo* pursuant to which VA now *must* deny [his] entitlement to an earlier effective date for TDIU and DEA unless [] VA . . . obtain[s] additional Social Security records and [] those records, together with the other evidence of record, establish . . . entitlement." *Id.* at 9 (first emphasis added).

In his reply, the Secretary argues that the appellant is asking the Court to "take jurisdiction over specific unfavorable findings made by the Board instead of acknowledging that the Board's remand in the instant case remanded [the a]ppellant's *claim*, and this Court's jurisdiction is predicated on a final decision relating to a claim." Secretary's Jan. 4, 2022, Reply at 3. To the extent that the Board's findings are "*potentially detrimental*," the Secretary asserts that the question of whether the Board issued an appealable decision depends on whether "the benefit sought has been finally denied." *Id.* at 5-6 (emphasis added). Here, he contends that the Board ordered additional development and identified predecisional duty to assist errors, which "clearly indicate[s] that the claims ha[ve] not been finally decided." *Id.* at 6. The Secretary also contends that "unfavorable findings of fact in remand decisions *are not binding* and must be supported by adequate reasons or bases in subsequent Board decisions." *Id.* (emphasis added) (citing *Smith v. Wilkie*, 32 Vet.App. 332, 339 (2020)).

After a stay of proceedings pending the Court's disposition of the Secretary's motion to dismiss in *Clark v. McDonough*, 35 Vet.App. 317, 322 (2022) (per curiam order), the Court permitted the appellant to file a surresponse. The appellant disputes the Secretary's contention that "'unfavorable findings of fact in remand decisions are not binding.'" Appellant's Surresponse at 4 (quoting Secretary's Jan. 4, 2022, Reply at 6). In that regard, he repeats the argument made in his opposition to the motion to dismiss—"'the Board's June 2020 decision sets a binding status quo pursuant to which VA now *must* deny [his] entitlement to an earlier effective date for TDIU and DEA'" based on evidence then before the Board. *Id.* at 4 n.2 (quoting Appellant's Nov. 2, 2021, Opposition at 9).

On July 5, 2022, the Court ordered the appellant to advise the Court of the status of his appeal from the June 2020 rating decision that continued to deny earlier effective dates for TDIU and DEA. The Court additionally ordered the Secretary to clarify his position on whether the Board's June 2, 2020, purported findings of fact and conclusions of law are binding based on the evidence then of record.

The appellant responded that the Board has not yet issued a decision. Appellant's July 12, 2022, Response. The Secretary responded that "the findings contained in the Board's remand are not binding decisions over which the Court may exercise jurisdiction." Secretary's July 11, 2022, Response. Notably, the Secretary made two significant concessions: (1) He agreed with the Court's observations in its July 5, 2022, order that the June 2, 2020, remand "contained no 'order granting appropriate relief or denying relief' as required under 38 U.S.C. § 7104(d)(3), nor did the Board provide a statement of reasons or bases for the findings of fact and conclusions of law at issue here," and (2) "[b]ased on this, the Secretary concur[red] with the Court's observation that the Board's inclusion of findings of fact and conclusions of law was 'nothing more than a mistake.'" *Id.* at 2 (quoting *Cleveland v. McDonough*, U.S. Vet. App. No. 20-6780 (July 5, 2022) (unpublished order)). Further, notwithstanding prior statements made in his motion to dismiss and reply, the Secretary unequivocally averred that the Board's "findings are not final or binding." *Id.*

C. The Court's Jurisdiction

This Court's appellate jurisdiction derives exclusively from statutory grants of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988). Section 7252(a) of title 38, U.S.C., is the Court's sole source of jurisdiction. *See Skaar v. McDonough* (*Skaar III*), 48 F.4th 1323, 1332 (Fed. Cir. 2022), *vacating Skaar v. Wilkie* (*Skaar I*), 32 Vet.App. 156 (2019) (en banc order), *and vacating in part Skaar v. Wilkie* (*Skaar II*), 33 Vet.App. 127 (2020); *see also Love v. McDonough*, 35 Vet.App. 336, 341 (2022) (per curiam order).

The Court has "exclusive jurisdiction to review decisions of the Board." 38 U.S.C. § 7252(a). It is well settled that for this Court to exercise jurisdiction over a Board decision, that decision must be final and adverse to the appellant. *See Skaar III*, 48 F.4th at 1332 (explaining that this Court "correctly acknowledged that 'a final Board decision operates as the jurisdictional trigger that gives [the Court] the authority to hear a particular appeal'" (quoting *Skaar I*, 32 Vet.App. at 181)); *see also* 38 U.S.C. § 7266; *Mokal v. Derwinski*, 1 Vet.App. 12, 13-15 (1990). Thus, a Board remand is not a decision within the meaning of section 7252(a). *Mote v. Wilkie*, 976 F.3d 1337, 1341 (Fed. Cir. 2020). "'A 'decision' of the Board, for purposes of . . . jurisdiction under section 7252, is the decision with respect to the benefit sought by the veteran: those benefits are either granted . . . , or they are denied.'" *Gardner-Dickson v. Wilkie*, 33 Vet.App. 50, 56 (2020) (quoting *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000)), *aff'd per curiam sub nom. Gardner-Dickson v. McDonough*, No. 2021-1462, 2021 WL 5144367 (Fed. Cir. Nov. 5, 2021) (Rule 36 judgment); *see Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005) (noting that "case law and [38 U.S.C. §] 7104(d)(2) define a Board decision as including an order granting appropriate relief or denying relief[,]" and holding that "[t]he Board's remand [for additional development] contain[ed] no order granting or denying relief"); *Breeden v. Principi*, 17 Vet.App. 475, 478 (2004) (per curiam order) (holding that a Board remand that "does not make a final determination with respect to the benefits sought by the veteran . . . does not represent a final decision over which this Court has jurisdiction").

This case requires the Court to address whether the Board issued a final decision on June 2, 2020, that is subject to review. Relevant here, the Court recently reaffirmed that "for the Court to take jurisdiction over an appeal from the Board, the Board must have granted or denied [a claim

for] benefits, and the claimant must have been adversely affected by the Board's decision." *Clark*, 35 Vet.App. at 322.

### D. Discussion

The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 188-89 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992). As mentioned, the appellant argues that the June 2020 remand constitutes a final decision because the Board included unfavorable findings of fact and conclusions of law regarding his entitlement to an earlier effective date for TDIU and DEA.

In June 2020, section 7104(d) provided that "[e]ach decision of the Board shall include—(1) a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record; and (2) an order granting appropriate relief or denying relief." 38 U.S.C. § 7104(d) (2012 & Supp. IV 2017). Here, it is undisputed that the Board did not include a statement of reasons or bases for its purported findings and conclusions based on the evidence then of record, nor did it include "an order granting appropriate relief or denying relief." 38 U.S.C. § 7104(d)(2); *see Kirkpatrick*, 417 F.3d at 1364. Rather, the only analysis pertains to the Board's reasons for remanding the matters for additional evidentiary development. *See Cleveland*, BVA 190715-15906, at 3.

Despite these deficiencies, the appellant filed an NOA because the Board purported to make adverse findings and conclusions. Yet, the Board simultaneously remanded the *same* issues for additional development. Under these circumstances, the Board could not foreclose the future assignment of an effective date prior to August 16, 2016, for TDIU or DEA. *See Smith*, 32 Vet.App. at 339 ("It is true that Board remand decisions are neither final nor binding."). In this regard, the issues returned to the regional office (RO), the RO issued another decision on the remanded issues, and the appellant's appeal of that rating decision is pending at the Board. Further, whatever confusion might have existed during the early stages of this appeal, the Secretary concedes that "the Board's inclusion of findings of fact and conclusions of law was 'nothing more than a mistake.'" Secretary's July 11, 2022, Response at 2 (quoting July 5, 2022, order). More importantly, the Secretary unequivocally maintains that the Board's "findings are not final or *binding*." *Id.* (emphasis added).

Considering the foregoing, the Court concludes that the June 2, 2020, remand is not final—the necessary prerequisite for the Court's exercise of jurisdiction pursuant to section 7252(a). *See Clark*, 35 Vet.App. at 322; *Skaar III*, 48 F.4th at 1332. The Board's *mistaken* inclusion of findings and conclusions in a remand order does not confer jurisdiction on the Court, or, as conceded by the Secretary, render those findings and conclusions final or binding. Indeed, the Court has recognized, albeit in a different posture, that it "has never stated . . . that findings in Board remand orders that are unfavorable to the appellant are final and binding" because "[s]uch a conclusion would be antithetical to the pro-claimant veterans benefits system and, absent some indication that Congress intended to make findings in Board remand orders binding and unreviewable, the Court will not impose such a limitation." *Mathews v. McDonald*, 28 Vet.App. 309, 316 (2016); *see id.* (explaining that "[i]t is incumbent upon the Board . . . to provide or reiterate reasons or bases for unfavorable findings made in prior remand orders . . . so that they become part of a final Board

decision and subject to appellate review"); *cf. Smith*, 32 Vet.App. at 339 (concluding, under the circumstances, that the claimant reasonably, but mistakenly, was led to conclude that a factual matter had been resolved favorably in a Board remand that was neither final nor binding, and therefore fair process required the Board, on de novo review, to notify the claimant of the Board's proposed negative finding). Thus, although "the Board's findings in [the June 2, 2020,] non-final remand order[] are insulated from judicial review because [the] remand order[] [is] not appealable to this Court," *Mathews*, 28 Vet.App. at 316, as explained by the *Mathews* Court, the appellant is not without recourse. If the Board were to reach the same factual or legal conclusions in adjudicating the appeal currently pending below, the Board would be required to explain its reasoning in a decision that would, in turn, be subject to Court review. *Id.*

As a final matter, the Court must return to the Secretary's representations in this case. In this regard, the Court expects that the Secretary will work diligently to correct any future action by the Agency or the Board that is contrary to the Secretary's acknowledgment that the Board made a mistake and that the June 2, 2020, remand does not contain final or binding findings of fact or conclusions of law.

E. Conclusion

Upon consideration of the foregoing, it is

ORDERED that the stay of proceedings is lifted. It is further

ORDERED that the Secretary's August 26, 2021, motion to dismiss this appeal is granted; the appeal is DISMISSED for lack of jurisdiction.

DATED: November 8, 2022

BY THE COURT:

AMANDA L. MEREDITH
Judge

Copies to:

John F. Cameron, Esq.

VA General Counsel (027)

*Not Published*

# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No: 20-6780

HORACE CLEVELAND, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

## JUDGMENT

The Court has issued a decision in this case. The time allowed for motions under Rule 35 of the Court's Rules of Practice and Procedure has expired.

Under Rule 36, judgment is entered and effective this date.

Dated: December 1, 2022

FOR THE COURT:

GREGORY O. BLOCK
Clerk of the Court

By: /s/ Genesis B. Garcia
Deputy Clerk

Copies to:

John F. Cameron, Esq.

VA General Counsel (027)

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 17th day of April, 2023, I caused this Brief of Claimant-Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered counsel as CM/ECF users.

/s/ Sarah E. Siu
*Counsel for Claimant-Appellant*

# CERTIFICATE OF COMPLIANCE

1.  This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    [ X ] this brief contains [*10,334*] words.

    [    ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.  This brief complies with the typeface and type style requirements because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Times New Roman*]; *or*

    [    ] this brief has been prepared in a monospaced typeface using [*state name and version of wodrd processing program*] with [*state number of characters per inch and name of type style*].

Dated: April 17, 2023        /s/ Sarah E. Siu
                                             *Counsel for Claimant-Appellant*