No. 2023-1505

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

_____

HORACE CLEVELAND,
Claimant-Appellant,

v.

DENIS MCDONOUGH,
Secretary of Veterans Affairs,
Respondent-Appellee.

_____

Appeal from the United States Court of Appeals for Veterans Claims
in case no. 20-6780, Judge Amanda L. Meredith

_____

## CORRECTED BRIEF FOR RESPONDENT-APPELLEE

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

PATRICIA M. McCARTHY
Director

WILLIAM J. GRIMALDI
Assistant Director

DANIEL D. FALKNOR
Trial Attorney
Commercial Litigation Branch
Civil Division, U.S. Dept. of Justice
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Telephone: 202-616-0320

August 18, 2023                    Attorneys for Respondent-Appellee

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES..............................................................................2

STATEMENT OF THE CASE SETTING FORTH RELEVANT FACTS..............3

I. The VA Regional Office Issues A Decision, Mr. Cleveland Appeals To The Board Of Veterans' Appeals, And Board Remands To The Regional Office For Further Development Of The Record  .....................................................................3

II. Mr. Cleveland Appeals The Board's Decision To The Veterans Court ..............5

SUMMARY OF THE ARGUMENT .......................................................................7

ARGUMENT ........................................................................................................10

I. Jurisdiction And Standard Of Review ...............................................................10

II. The Appeal Is Moot Because The VA Is Already Considering Mr. Cleveland's Claims On The Merits...........................................................................................11

III. To The Extent Mr. Cleveland Challenges The Veterans Court's Findings Regarding The Remand Order, He Raises An Issue Of Fact Outside This Court's Limited Jurisdiction ..............................................................................................13

IV. The Veterans Court Properly Dismissed Mr. Cleveland's Appeal For Lack Of Jurisdiction Because A Remand Order Is Not A "Decision" Under Section 7252...........................................................................................................14

    A.    Remand Orders Are Not "Decisions" Within The Jurisdiction Of The Veterans Court ..............................................................................................15

    B.    The Veterans Court Properly Dismissed Mr. Cleveland's Appeal Because The Board Remanded His Claims For Further Factual Development..................................................................................................16

    C.    The Board Decision Does Not Have Any Preclusive Effect ..............18

    D.    Mr. Cleveland's Remaining Arguments Are Not Persuasive ............22

V.     The Court Should Not Overrule Its Precedent Holding That A Decision Under Section 7252 Requires An Order Granting Or Denying Relief....................25

    A.     Mr. Cleveland Fails To Identify An Intervening Supreme Court Case Requiring The Court To Revisit Maggitt and Kirkpatrick ............................26

    B.     Mr. Cleveland Cannot Meet The Standard For En Banc Review .......29

CONCLUSION ......................................................................................................31

# TABLE OF AUTHORITIES

*Adams v. Shinseki*, 568 F.3d 956, 961 (Fed. Cir. 2009) ...........................................24

*Allen v. Principi*, 237 F.3d 1368 (Fed. Cir. 2001 ............................................. 20, 21

*Bethea v. Derwinski*, 2 Vet. App. 252 (1992).........................................................21

*Cohens v. Shulkin*, 684 F. App'x 957 (Fed. Cir. 2017) ..........................................14

*Conway v. Principi*, 353 F.3d 1369 (Fed. Cir. 2004) ..............................................10

*Deckers Corp. v. United States*, 752 F.3d 949 (Fed. Cir. 2014)...................... 26, 27

*Disabled Am. Veterans v. Sec'y of Veterans Affairs*, 419 F.3d 1317

   (Fed. Cir. 2005) ................................................................................................19

*Ebanks v. Shulkin*, 877 F.3d 1037 (Fed. Cir. 2017)......................................... 11, 12

*Elkins v. Gober*, 229 F.3d 1369 (Fed. Cir. 2000) ...................................................20

*Fisher v. Gober*, 251 F.3d 167 (Fed. Cir. 2000) .....................................................13

*George v. McDonough*, 142 S. Ct. 1953 (2022) ................................................ 26, 30

*Gilchrist v. Shinseki*, 432 F. App'x 967 (Fed. Cir. 2011).......................................16

*Howard v. Gober*, 220 F.3d 1341 Fed. Cir. 2000)............................................ 17, 24

*Ibrahim v. Wilkie*, 787 F. App'x 754 (Fed. Cir. 2019) ...........................................13

*Kay v. Principi*, 16 Vet. App. 529, 534 (2002).......................................................20

*Kimble v. Marvel Entertainment, LLC*, 576 U.S. 446, 455 (2015).........................26

*Kirkpatrick v. Nicholson*, 417 F.3d 1361 (Fed. Cir. 2005)............................. *passim*

*Kutscherousky v. West*, 12 Vet. App. 369 (1999)....................................................20

*Maggitt v. West*, 202 F.3d 1370 (Fed. Cir. 2000) ............................................. *passim*

*Mathews v. McDonald*, 28 Vet. App. 309 (2016) ...................................... 18, 21, 25

*May v. Shinseki*, 396 F. App'x. 693 (Fed. Cir. 2010) ............................................16

*McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479 (1991) .............................27

*Monk v. Shulkin*, 855 F.3d 1312 (Fed. Cir. 2017) .....................................................11

*Mote v. Wilkie*, 976 F.3d 1337 (Fed. Cir. 2020) ........................................ 11, 12, 16

*Skaar v. McDonough*, 48 F.4th 1323 (Fed. Cir. 2022). ............................................15

*Rollerson v. Shinseki*, 411 F. App'x 321 (Fed. Cir. 2011) .....................................16

*Smith v. Shinseki*, 407 F. App'x 452 (Fed. Cir. 2011) ............................................16

*Smith v. Wilkie*, 32 Vet. App. 332 (2020) ...................................................... 9, 16, 19

*Sullivan v. McDonald*, 815 F.3d 786 (Fed. Cir. 2016) ...........................................10

*Summers v. Gober*, 225 F.3d 1293 (Fed. Cir. 2000) ................................................10

*Tyler v. Cain*, 533 U.S. 656, 121 S. Ct. 2478 (2001) ..............................................28

*Tyrues v. Shinseki*, 732 F.3d 1351 (Fed. Cir. 2013) ...............................................20

*Williams v. Principi*, 275 F.3d 1361 (Fed. Cir. 2002) ...........................................22

*Winsett v. Peake*, 302 F. App'x 915 (Fed. Cir. 2008) ..............................................13

## Statutes

38 U.S.C. § 5103A(f)(1) ................................................31

38 U.S.C. § 7104 ........................................... 24, 28

38 U.S.C. § 7104(d) .......................................15

38 U.S.C. § 7252 ........................................ passim

38 U.S.C. § 7292 ....................................... 10, 21

38 U.S.C. § 7292(d)(2)....................................... 10, 13

## Rules

142 S. Ct. at 1957........................................30

Fed. R. App. P. 35........................................ 29, 30

Fed. R. App. P. 35(a). ....................................29

## Regulations

38 C.F.R. § 20.1100(b) ..................................... 9, 18, 25, 28

## **STATEMENT OF COUNSEL**

Pursuant to Rule 47.5 of this Court's Rules, counsel for respondent-appellee is unaware of any other appeal from this civil action that previously was before this Court or any other appellate court under the same or similar title.  Counsel is also unaware of any case pending in this or any other court that may directly affect or be affected by this Court's decision in this appeal.

**RESPONDENT-APPELLEE'S BRIEF**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

_____

**2023-1505**

_____

**HORACE CLEVELAND,**
**Claimant-Appellant,**

**v.**

**DENIS MCDONOUGH,**
**Secretary of Veterans Affairs,**
**Respondent-Appellee.**

_____

## **STATEMENT OF THE ISSUES**

1.      Whether Mr. Cleveland's appeal is moot because he requests this Court to reverse the Veterans Court and order the Department of Veterans Affairs (VA) to consider the merits of his claims for earlier effective dates for service connection for tinnitus, individual unemployability, and Dependents' Educational Assistance, even though the regional office has already addressed the merits of those claims during remand, and the claims are currently pending before the Board of Veterans' Appeals.

2.      Whether this Court has jurisdiction to determine if the Board of Veterans' Appeals has issued a decision subject to the jurisdiction of the United States Court of Appeals for Veterans Claims (Veterans Court), 38 U.S.C. § 7252, when the Veterans Court has already determined as a matter of fact that the board's decision is a remand order.

3.      Whether the Veterans Court properly dismissed for lack of jurisdiction Mr. Cleveland's appeal of a decision of the Board of Veterans' Appeals ordering a remand for further development of the record on all claims because the remand order was not a "decision" under the Veterans Court's jurisdictional statute, 38 U.S.C. § 7252.

4.      Whether the Court should overturn binding precedent holding that a board decision within the jurisdiction of the Veterans Court under 38 U.S.C.

§ 7252 is a decision granting appropriate relief or denying relief, *see Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005).

## STATEMENT OF THE CASE SETTING FORTH RELEVANT FACTS

### I.     The VA Regional Office Issues A Decision, Mr. Cleveland Appeals To The Board Of Veterans' Appeals, And Board Remands To The Regional Office For Further Development Of The Record

Mr. Cleveland served in the Army from November 1987 until June 1996. Appx119.

After prior proceedings on his claims not relevant to this appeal, the agency of original jurisdiction (AOJ) granted Mr. Cleveland benefits with respect to four claims in a February 2019 decision.  Appx119-24.  First, the AOJ granted an earlier effective date for service connection for tinnitus, assigning an evaluation of 10 percent effective December 12, 2016.  Appx121.  Second, the AOJ increased the evaluation of posttraumatic stress disorder (PTSD) to 70 percent disabling effective January 2, 2013.  Appx122.  Third, the AOJ granted entitlement to individual unemployability (TDIU) effective August 16, 2016, because Mr. Cleveland was unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities.  Appx123-24.  Finally, the AOJ granted eligibility to Dependents' Educational Assistance (DEA) effective August 16, 2016.  Appx124.

3

Mr. Cleveland appealed the AOJ's February 2019 decision to the Board of Veterans' Appeals (board), arguing for an earlier effective date for tinnitus, TDIU, and DEA. *See* Appx16. On June 2, 2020, the board issued an order finding "that a remand is necessary in order to correct several pre-decisional errors in the duty to assist." Appx17. The board ordered the AOJ to request all documents pertaining to Mr. Cleveland's applications for social security benefits, including "the medical records considered in deciding the claim." Appx17-18. The board also ordered the AOJ to provide copies of an engagement letter and curriculum vitae for the clinician who authored Mr. Cleveland's audiology report. Appx18. Accordingly, the board remanded the following three claims:

> Entitlement to an effective date prior to December 12, 2016, for the grant of service connection for tinnitus *is remanded*.

> Entitlement to an effective date prior to August 16, 2016, for the granting of a total disability rating based on individual unemployability (TDIU) *is remanded*.

> Entitlement to an effective date prior to August 16, 2016, for Dependents' Educational Assistance (DEA) under 38 U.S.C., Chapter 35, *is remanded*.

Appx15 (emphasis added).

The board's decision also included sections entitled, "Findings of Fact" and "Conclusions of Law." Appx15-16. In these sections, although the board purported to find—based on the incomplete record—that the criteria for earlier

4

effective dates for tinnitus, TDIU, and DEA were not met, the board remanded the TDIU, DEA, and tinnitus claims for further factual development. *Id.*

## II.    <u>Mr. Cleveland Appeals The Board's Decision To The Veterans Court</u>

Mr. Cleveland filed an appeal of the board's remand decision on September 29, 2020. Appx1. The VA moved to dismiss the appeal for lack of jurisdiction because the board had not issued a "decision" under 38 U.S.C. § 7252 with respect to Mr. Cleveland's TDIU and DEA claims.[1] Appx2. In its motion to dismiss, the VA acknowledged that the board's decision included findings of fact and conclusions of law that were both favorable and detrimental to Mr. Cleveland's claims. *Id.* Despite these acknowledgments, the VA maintained that the Veterans Court lacked jurisdiction because all claims were remanded for additional factual development. *Id.* The VA further argued that the AOJ had already issued a ratings decision denying an earlier effective date for TDIU and DEA during the remand, and that Mr. Cleveland had appealed the AOJ's decision to the board, again, on June 8, 2021. *Id.* In other words, Mr. Cleveland's appeal of the board's decision was proceeding simultaneously with the adjudication of his claims on the merits.

In response to the VA's motion to dismiss, Mr. Cleveland argued that the VA effectively created a status quo under which the AOJ had to deny earlier

---

[1] Mr. Cleveland did not appeal the board's remand of the tinnitus claim to the Veterans Court. *See* Appx1 n.1.

effective dates by including findings of fact and conclusions of law in the remand decision. Appx3. The VA responded that the AOJ mistakenly included the findings of fact and conclusions of law, but that they were not final or binding. Appx4 (observing that "the Secretary unequivocally averred that the Board's 'findings are not final or binding'" (citation omitted)).

The Veterans Court granted the VA's motion to dismiss. The Veterans Court first established that a board decision must include, "(1) a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record; and (2) an order granting appropriate relief or denying relief." Appx5 (citing 38 U.S.C. § 7104(d) (2012 & Supp. IV 2017)). The Veterans Court found the board's decision did not include an order granting or denying relief, and it "did not include a statement of reasons or basis for its purposed findings and conclusions based on the evidence then of record . . . ." *Id*. The only analysis in the board's decision pertained to its reason for remanding the tinnitus, TDIU, and DEA claims for further factual development. *Id.*

The Veterans Court also addressed the "Board's mistaken inclusion of findings and conclusions" in the remand order. *Id*. The Veterans Court held the findings and conclusions in the remand order are not final or binding under applicable precedent. Appx5-6. The Veterans Court further explained that the

6

findings and conclusions in the board's remand order "could not foreclose the future assignment of an effective date prior to August 16, 2016, for TDIU or DEA" because the case was remanded for further factual development. Appx5. The Veterans Court explained that such a finding "would be antithetical to the pro-claimant veterans benefits system and, absent some indication that Congress intended to make findings in Board remand orders binding and unreviewable, the Court will not impose such a limitation." *Id.* (citing *Mathews v. McDonald*, 28 Vet. App. 309, 316 (2016)). Finally, the Veterans Court noted that Mr. Cleveland can challenge the board's factual and legal conclusions after the AOJ issued a decision on remand. Appx6. For these reasons, the Veterans Court held that the board's June 2, 2020 decision was not a final decision within its jurisdiction under section 7252. Appx6.

The Veterans Court entered judgment on December 1, 2022, and this appeal followed. Appx7.

## SUMMARY OF THE ARGUMENT

Mr. Cleveland argues the Veterans Court had jurisdiction to review a decision remanding his claims to the AOJ for further factual development. Yet while this appeal proceeds, the merits of Mr. Cleveland's claims have already been decided at the AOJ during remand and are pending at the board. The Court should affirm the Veterans Court's dismissal of Mr. Cleveland's interlocutory appeal for

four reasons.

First, Mr. Cleveland is asking this Court to reverse the decision of the Veterans Court and allow him to proceed with litigation on the merits of his claims for earlier effective dates for service connection for tinnitus, TDIU, and DEA. But the AOJ already addressed the merits of his claims during the remand by denying earlier effective dates in a June 11, 2020 decision. Appx22-26. Mr. Cleveland is therefore simultaneously litigating the merits of the AOJ decision denying an earlier effective date at the board, while arguing at this Court that he is entitled to a resolution on the merits. Because Mr. Cleveland has already obtained the relief he is seeking, this Court should dismiss the appeal as moot.

Second, even if the Court does not dismiss the appeal as moot, the Court should nonetheless dismiss because the crux of Mr. Cleveland's appeal is his disagreement with an issue of fact – the Veterans Court's interpretation of the remand order. Although the Court generally has jurisdiction to review issues of the Veterans Court's jurisdiction, Mr. Cleveland's appeal requests that this Court second-guess the Veteran Court's finding that the board's June 2, 2020 order remanded all three of his claims and was not a final decision for the TDIU and DEA claims. This Court does not possess jurisdiction to entertain this factual challenge.

Third, even if this Court exercises jurisdiction over this appeal, it fails on the

merits. The board remanded Mr. Cleveland's claims for an earlier effective date for tinnitus, TDIU, and DEA to the AOJ for further factual development. Under this Court's binding precedent, as well as the board's regulations and Veterans Court's precedent, a remand is not a decision within the jurisdiction of the Veterans Court's jurisdictional statute, 38 U.S.C. § 7252. *See Kirkpatrick*, 417 F.3d at 1364; *see also Smith v. Wilkie*, 32 Vet. App. 332, 339 (2020) (citing 38 C.F.R. § 20.1100(b)).

Mr. Cleveland argues that the board's remand included detrimental findings of fact and conclusions of law. But the Veterans Court considered the findings and conclusions before holding the board's remand order was not binding, had no preclusive effect, and instead was a remand for further factual development. Appx5-6. Consistent with the board's decision, the AOJ collected additional records during remand and issued a decision denying an earlier effective date for tinnitus, TDIU, and DEA. Appx22-26. Thus, the board's decision was a remand in substance and effect.

Fourth, Mr. Cleveland argues that the Court should overturn its precedent holding that a remand is not a decision subject to the Veterans Court's jurisdiction under section 7252. Mr. Cleveland has not identified any intervening case from the United States Supreme Court overturning *Kirkpatrick* or otherwise requiring the Court to overturn that decision. The Court should not disturb its decades-old

precedent.

## ARGUMENT

## I.     Jurisdiction And Standard Of Review

Pursuant to 38 U.S.C. § 7292(a), this Court has jurisdiction to review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation relied on by that court in making that decision.  The Court also has jurisdiction "to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."  38 U.S.C. § 7292(c).  The Court reviews such legal questions *de novo*.  *See Summers v. Gober*, 225 F.3d 1293, 1295 (Fed. Cir. 2000).  "Whether the Veterans Court exceeded its jurisdiction is a question of law . . . ."  *Sullivan v. McDonald*, 815 F.3d 786, 789 (Fed. Cir. 2016) (citation omitted).

This Court may not, however, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," except to the extent that the appeal presents a constitutional issue.  38 U.S.C. § 7292(d)(2).  The Court has consistently applied section 7292 strictly to bar fact-based appeals from the Veterans Court.  *See*, *e.g.*, *Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004) (court reviews only questions of law and cannot review application of law to fact).

## II.    The Appeal Is Moot Because The VA Is Already Considering Mr. Cleveland's Claims On The Merits

Because Mr. Cleveland has already obtained the relief he is seeking – the opportunity to have his claims heard on the merits – this Court should dismiss the appeal as moot.

Article III of the Constitution limits this Court's jurisdiction to cases or controversies. *Monk v. Shulkin*, 855 F.3d 1312, 1316 (Fed. Cir. 2017) (citing U.S. CONST. art. III, § 2).  "A case is said to lack an actual or concrete dispute where the relief sought by a plaintiff is satisfied or otherwise rendered moot." *See id.*  In other words, "a case becomes moot when a claimant receives all her requested relief." *Mote v. Wilkie*, 976 F.3d 1337, 1341 (Fed. Cir. 2020); *see also Ebanks v. Shulkin*, 877 F.3d 1037, 1039 (Fed. Cir. 2017) (holding that an appeal of a denial of a writ of mandamus was moot when the appellant sought an order instructing the VA to schedule a hearing, and VA had already scheduled the hearing).

Here, Mr. Cleveland asks the Court to reverse the Veteran's Court dismissal and "allow him to move forward" with a "full consideration of [his] appeal on the merits."  Applnt. Br. 5, 17.  On the merits, the issues are whether Mr. Cleveland is entitled to an earlier effective date for service connection for TDIU and DEA, which requires the VA to determine whether a veteran has a permanent and total service connected disability (DEA), or is unable to obtain employment due to service connected disabilities (TDIU).  *See* Appx123-24.  Accordingly, Mr.

Cleveland is seeking the opportunity to have his claims heard on the merits.

But the VA is already considering the merits of Mr. Cleveland's claims. As demonstrated above, on June 2, 2020, the board remanded for further factual development regarding Mr. Cleveland's claims for an earlier effective date for tinnitus, TDIU, and DEA. Appx15. The same month, after the AOJ obtained additional documents during remand, *see* Appx23 (identifying SSA medical records), the AOJ entertained Mr. Cleveland's claims on the merits and denied earlier effective dates for service connection for tinnitus, TDIU, and DEA. Appx22-26. Mr. Cleveland appealed the AOJ's decision to the board, where, as of the date of this filing, it is pending.

Mr. Cleveland therefore has already obtained the relief that he seeks through this appeal—consideration of his claims on the merits. The Court should dismiss this appeal as is moot. *See Mote*, 976 F.3d at 1341; *Ebanks*, 877 F.3d at 1038-40.[2]

---

[2] To the extent that, on reply, Mr. Cleveland contends that his appeal falls within the exception to mootness for cases that are capable of repetition yet evading review, he will be unable to demonstrate a sufficiently reasonable expectation that he will again be subjected to the same action. Rather, the possibility that the board will again issue a remand order that contains that same language that Mr. Cleveland finds objectionable is "too attenuated and speculative to trigger the exception to mootness." *Ebanks*, 877 F.3d at 1039.

### III. To The Extent Mr. Cleveland Challenges The Veterans Court's Findings Regarding The Remand Order, He Raises An Issue Of Fact Outside This Court's Limited Jurisdiction

To the extent that Mr. Cleveland challenges the Veterans Court's interpretation of the June 2, 2020 remand order, he challenges an issue of fact over which this Court does not possess jurisdiction.

Although the Court generally has jurisdiction to review "issues of the Veterans Court's jurisdiction[,]" *Maggitt v. West*, 202 F.3d 1370, 1380 (Fed. Cir. 2000), determining whether the board has entered a final decision for purposes of appeal to the Veterans Court "requires an application of the law to the facts of a case." *See Winsett v. Peake*, 302 F. App'x 915, 916 (Fed. Cir. 2008) (per curiam) (unpublished); *see also Ibrahim v. Wilkie*, 787 F. App'x 754, 754 (Fed. Cir. 2019) (unpublished) (holding that the Court lacked jurisdiction "to determine that the Board issued a final decision"). As explained above, the Court lacks jurisdiction to review the Veterans Court's factual findings and its application of law to facts. *See* 38 U.S.C. § 7292(d)(2).

In one persuasive case, a veteran asked the Veterans Court to enter an earlier effective date on his claim, but the Veterans Court held that it lacked jurisdiction to consider the request "because no final decision had been entered on the claim to 100 percent disability in 1986." *Fisher v. Gober*, 251 F.3d 167, at *1 (Fed. Cir. 2000) (unpublished). The veteran appealed the Veterans Court's decision, but this

13

Court dismissed the appeal for lack of jurisdiction, holding that the veteran's "request—that we reverse the Veterans Court's decision that no final decision had been entered on his 1986 100 percent disability claim—asks that we disagree with the Veterans Court on the application of the law to the facts of this case." *Id.*

Here, the Veterans Court interpreted the June 2, 2020 remand order as remanding Mr. Cleveland's claims, rather than as a final decision on the claims. Mr. Cleveland, however, disagrees, and asks this Court to find that the remand order is a final decision for his TDIU and DEA claims. In other words, Mr. Cleveland requests that this Court second-guess the Veterans Court's fact finding, which is outside of this Court's limited jurisdiction. *See Cohens v. Shulkin*, 684 F. App'x 957, 959 (Fed. Cir. 2017) (unpublished) (holding this Court did not possess jurisdiction to disturb the Veteran Court's finding that a board letter was not a decision within the meaning of section 7252).

Accordingly, because Mr. Cleveland argues that the Veterans Court erred in interpreting the board's remand order, he challenges an issue of fact, and this Court should dismiss the appeal.

## IV.  The Veterans Court Properly Dismissed Mr. Cleveland's Appeal For Lack Of Jurisdiction Because A Remand Order Is Not A "Decision" Under Section 7252

Even if the Court finds that a case or controversy remains that is subject to this Court's jurisdiction, the Court should still affirm the Veterans Court's

judgment because the record demonstrates that the board remanded Mr.

Cleveland's three claims for earlier effective dates to the AOJ for further factual

development.

### A.    Remand Orders Are Not "Decisions" Within The Jurisdiction Of The Veterans Court

The Veterans Court has "exclusive jurisdiction to review decisions of the

Board of Veterans' Appeals." 38 U.S.C. § 7252(a). A final board decision

operates as a "jurisdictional trigger" authorizing the Veterans Court to hear an

appeal. *Skaar v. McDonough*, 48 F.4th 1323, 1332 (Fed. Cir. 2022) (citation and

internal quotation omitted). Each board decision must contain "a written statement

of the Board's findings and conclusions, and the reasons or bases for those findings

and conclusions, on all material issues of fact and law presented on the record,"

and an "order granting appropriate relief or denying relief." 38 U.S.C. § 7104(d).

Consistent with the definition of "decision" in section 7104(d), this Court

"define[s] a Board decision [under § 7252] as including an order granting

appropriate relief or denying relief." *Kirkpatrick*, 417 F.3d at 1364; *see also*

*Maggitt*, 202 F.3d at 1376 (holding that "[a] 'decision' of the Board, for purposes

of the Veterans Court's jurisdiction under section 7252, is the decision with respect

to the benefit sought by the veteran"). Thus, in order for the Veterans Court to

obtain jurisdiction over an appeal from the board, "a veteran must first present a

request for a benefit to the Board, then receive a decision on that request . . . ." *Id.*

15

Because a board decision for the purposes of the Veterans Court's jurisdiction must include an order granting or denying relief, a board decision under section 7252 "does not mean a mere remand" to the regional office. *See Mote*, 976 F.3d at 1341; *Kirkpatrick*, 417 F.3d at 1364 (holding that the remand order for additional medical examinations contains no order granting or denying relief); *Gilchrist v. Shinseki*, 432 F. App'x 967, 969 (Fed. Cir. 2011) (unpublished) ("The Board's remand is not a final decision within the meaning of 38 U.S.C. § 7252(a)."); *Rollerson v. Shinseki*, 411 F. App'x 321, 322 (Fed. Cir. 2011) (unpublished) (same); *Smith v. Shinseki*, 407 F. App'x 452, 454 (Fed. Cir. 2011) (unpublished) (same); *May v. Shinseki*, 396 F. App'x. 693, 696 (Fed. Cir. 2010) (unpublished) (same); *see also Smith v. Wilkie*, 32 Vet. App. 332, 339 (2020) (citing 38 C.F.R. § 20.1100(b) ("Board remand decisions are neither final nor binding.")).

## B. The Veterans Court Properly Dismissed Mr. Cleveland's Appeal Because The Board Remanded His Claims For Further Factual Development

The procedural background of this case demonstrates that the board's June 2, 2020 decision remanded Mr. Cleveland's claims for an earlier effective date for tinnitus, TDIU, and DEA to the AOJ, and the Veteran's Court therefore properly dismissed Mr. Cleveland's appeal of the remand order.

In February 2019, the AOJ found that Mr. Cleveland was entitled to service

connection for tinnitus, TDIU, and DEA.  Appx119-24.  Mr. Cleveland appealed the AOJ's decision to the board, arguing for earlier effective dates on all three claims.  Instead of issuing a decision granting or denying relief, the board identified pre-decisional errors relating to the VA's duty to assist that needed to be addressed and thus remanded all three claims.  Appx15-18.  The board ordered the AOJ to request all documents relating to any application for social security disability benefits, including the medical records considered in deciding the claim. Appx17-18.  The board also instructed the AOJ to provide the credentials of an audiologist to Mr. Cleveland.  Appx18.  The board decision only provided the reasons or bases for remand, as opposed to reasons or bases for denying an earlier effective date.  *Id.* at 16-17.

Because the board's decision did not contain an order granting or denying relief, and instead remanded for further factual development, Appx17-18, it is not a decision under section 7252 for the purposes of the Veterans Court's jurisdiction. Accordingly, the Veterans Court properly dismissed Mr. Cleveland's appeal for lack of jurisdiction.  *See Kirkpatrick*, 417 F.3d at 1364-65 (holding that the remand order for additional medical examinations contains no order granting or denying relief); *see also Howard v. Gober*, 220 F.3d 1341, 1343 (Fed. Cir. 2000) (holding a board remand order that may have failed to address a claim did not constitute a decision within the Veterans Court's jurisdiction because "the [b]oard simply did

not address the CUE claim").

### C.    The Board Decision Does Not Have Any Preclusive Effect

Mr. Cleveland's primary argument on appeal is that the board's June 2, 2020 decision was final with respect to his TDIU and DEA claims because legal consequences flowed from the decision.  Applnt. Br. 22-23.  According to Mr. Cleveland, the legal consequences are evidenced by the AOJ's actions on remand, in which the AOJ denied of an earlier effective date for TDIU and DEA. *See* Applnt. Br. 22-23.  Mr. Cleveland argues the board's June 2, 2020 decision "effectively preclud[ed] the Regional Office from reaching a different conclusion." Applnt. Br. 24.  The board decision, however, had no preclusive effect.  Under the Veterans Court's precedent, a board's remand order is not final and binding:

> [T]he Court . . . "has never stated . . . that findings in Board remand orders that are unfavorable to the appellant are final and binding" because "[s]uch a conclusion would be antithetical to the pro-claimant veterans benefits system and, absent some indication that Congress intended to make findings in Board remand orders binding and unreviewable, the Court will not impose such a limitation."

Appx5 (citing *Mathews v. McDonald*, 28 Vet. App. 309, 316 (2016)).  Thus, Mr. Cleveland's argument that the board's remand decision had preclusive effect is undermined by Veterans Court precedent.  *See id*.; *see also* 38 C.F.R. § 20.1100(b).

Mr. Cleveland's argument that the board decision had preclusive effect is

also undermined by the record.  The AOJ initially denied earlier effective dates in February 2019, before the board ever opined.  *See* Appx119-20.  Later, during the remand, the AOJ obtained Mr. Cleveland's "SSA Medical records, from February 5, 2000 through October 5, 2005 . . . ."  Appx23.  After obtaining these records, the AOJ issued a new decision denying earlier effective dates "based on the evidence" before it.  *See id.*  The AOJ therefore understood the board's decision to be a remand for further factual development and acted consistent with the decision.

The board's standard of review of an AOJ decision also undermines Mr. Cleveland's argument.  The board's standard of review on appeal is *de novo*. *See, e.g.*, *Disabled Am. Veterans v. Sec'y of Veterans Affairs*, 419 F.3d 1317, 1319 (Fed. Cir. 2005) ("[T]he [b]oard conducts de novo review of regional office proceedings based on the record.") (citing 38 U.S.C. § 7104(a) ("Decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record."), *cert. denied*, 547 U.S. 1162, 1162 (2006)).  In light of this standard, a remand order from the board will result in further factual development by the AOJ and a new decision based on a complete record, which in turn will be reviewed *de novo* by the board, without deference to a prior remand order.  For this reason, albeit in part, "[b]oard remand decisions are neither final nor binding."[3]  *Smith v. Wilkie*, 32 Vet. App. 332, 339 (2020) (citing

---

[3] This is not to mention that, on remand, Mr. Cleveland may submit any

19

38 C.F.R. § 20.1100(b)).

Finally, Mr. Cleveland is mistaken when relying on three cases to support his argument that the board's decision was not actually a remand. *See* Applnt. Br. 22-23 (citing *Elkins v. Gober*, 229 F.3d 1369, 1373 (Fed. Cir. 2000); *Allen v. Principi*, 237 F.3d 1368, 1373 (Fed. Cir. 2001); *Tyrues v. Shinseki*, 732 F.3d 1351, 1357 (Fed. Cir. 2013)). *Elkins* and *Tyrues* both concern "mixed" decisions, which this Court defined in *Tyrues* as decisions that include remands and "definitive" denials. *See Tyrues*, 732 F.3d at 1355 (defining "mixed" decisions as including "definitive" denials). In both cases, there was no dispute that the board or Veterans Court had remanded claims while also definitively denying other claims, which the veteran could then appeal. *See Tyrues*, 732 F.3d at 1356 (holding that the board denied a claim "with unchallenged clarity in this case"); *Elkins*, 229 F.3d at 1375 (finding there was no dispute that the back claim was remanded). Here, in contrast, the board remanded all of Mr. Cleveland's claims for earlier effective dates to the AOJ for further factual development. Appx15. *Tyrues* and *Elkins* are irrelevant to the issues presented in this appeal.

*Allen v. Principi*, 237 F.3d 1368 (Fed. Cir. 2001) is similarly unpersuasive. The Veterans Court in *Allen* remanded to the board to apply binding precedent, and

---

additional evidence and argument on the remanded matters as he sees fit, and the board is required to consider any such relevant evidence and argument. *See Kay v. Principi*, 16 Vet. App. 529, 534 (2002).

the veteran appealed the Veterans Court's remand decision to this Court, arguing that the Court had jurisdiction over the remand. *Id.* at 1370. The Court agreed. *Id.* at 1372-73. The Court's decision turned on the fact that, unlike the board's remands, even the Veterans Court's one-judge summary rulings are binding on future boards.[4] *Id.* at 1370 ("In its one-judge order, the Veterans Court instructed the [b]oard that its interpretation in [another case] was 'binding precedent' and barred recovery."). In contrast, a board decision remanding claims to the AOJ is not final or binding. *See* Appx5 (citing *Mathews*, 28 Vet. App. at 316).

Additionally, *Allen* is not relevant because the Court's applicable jurisdictional statute, 38 U.S.C. § 7292, differs from the Veterans Court's jurisdictional statute. 38 U.S.C. § 7252. Compared to the Veterans Court's review of a board's "decision" under section 7252, which requires a decision granting or denying relief, this Court decides whether it has jurisdiction to review a Veterans Court's remand order under narrow exceptions to the rule of finality. *See Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002) (holding that "we will depart from the strict rule of finality when the Court of Appeals for Veterans Claims has remanded for further proceedings only if three conditions are satisfied"). The

---

[4] *See, e.g., Bethea v. Derwinski*, 2 Vet. App. 252, 254 (1992) ("A single-judge summary disposition or order is . . . based on clear authority already known and constitutes the law of the particular case. As such, it is fully binding on the [b]oard and the Secretary in that case.").

Court has already declined to apply this precedent to board remand orders. *See*

*Kirkpatrick*, 417 F.3d at 1365 ("We also reject Kirkpatrick's contention that our

decisions in *Adams* and *Williams* should be applied to the Veterans' Court's review

of Board decisions.").  *Allen* is therefore irrelevant.

### D.  Mr. Cleveland's Remaining Arguments Are Not Persuasive

Mr. Cleveland argues this Court should reverse the Veterans Court's

dismissal for four additional reasons, none of which are persuasive.

First, Mr. Cleveland argues the board decision "was not a true remand"

because it contains findings of fact and conclusions of law stating that

Mr. Cleveland was not entitled to earlier effective dates for TDIU and DEA, and

the factual development on remand allegedly did not pertain to his TDIU and DEA

claims.[5]  Applnt. Br. 15, 24-25.  This is incorrect.  The AOJ collected medical

records from the Social Security Administration during remand that could have

impacted the AOJ's decision relating to whether Mr. Cleveland was totally

disabled at an earlier effective date (the TDIU claim), or whether his dependents

were entitled to educational assistance at an earlier date based on his medical

conditions (the DEA claim).  *See* Appx23 (describing evidence considered on

remand); Appx123-24 (describing TDIU and DEA claims).

---

[5] Mr. Cleveland does not challenge the remand for further factual
development relating to his claim for an earlier effective date for tinnitus.  Applnt
Br. 24.

Further, this Court has previously rejected an argument similar to the one raised by Mr. Cleveland here (*i.e.*, that the remand order contained an implicit denial because further factual development could not have impacted the decision). In *Kirkpatrick*, the board denied a claim for a higher disability rating for service connection for PTSD. 417 F.3d at 1362. The board eventually remanded the claim for a higher rating to the regional office for a medical examination to replace an outdated one. *Id.* The veteran appealed the board's remand order to the Veterans Court, which dismissed the appeal for lack of jurisdiction. *Id.* On appeal to the Federal Circuit, the veteran argued that the board's order was a decision subject to the jurisdiction of the Veterans Court because the order "contained an implicit denial of relief," and "additional evidence could not possibly affect the outcome of his claim." *Id.* at 1364. The Court rejected this argument, holding that the board's remand did not contain on order granting or denying relief and, therefore, "was not a decision within the meaning of section 7252(a)." *Id.* at 1364-65. Just like in *Kirkpatrick*, the board in this case remanded for further factual development, including a request for records that could have impacted Mr. Cleveland's claim for an earlier effective date for tinnitus, TDIU, and DEA. Appx17-18. This did not constitute an order granting or denying relief, even if Mr. Cleveland did not believe the records would change the AOJ's decision. *See* 38 C.F.R. § 20.1100(b) ("A remand is in the nature of a preliminary order and does not constitute a final

decision of the Board.").

    Second, Mr. Cleveland argues that 38 U.S.C. § 7104, which defines what must be included in a board decision, "does not control whether an order is in fact final for jurisdictional purposes." Applnt. Br. 25. The United States is not arguing that section 7104 is the Veteran's Court jurisdictional statute. Rather, section 7252 plainly establishes the Veterans Court's jurisdiction over appeals from board decisions. *See* 38 U.S.C. § 7252(a); *see also Howard*, 220 F.3d at 1343 (describing section 7252(a) as "the statute conferring jurisdiction on th[e] [Veterans] [C]ourt over appeals from Board decisions").

    Mr. Cleveland further cites cases discussing the implicit denial rule in which a court will consider a claim to be denied "where the veteran files more than one claim with the RO at the same time, and the RO's decision acts (favorably or unfavorably) on one of the claims but fails to specifically address the other claim, the second claim is deemed denied, and the appeal period begins to run." *Adams v. Shinseki*, 568 F.3d 956, 961 (Fed. Cir. 2009) (citation omitted); *see also* Applnt. Br. 25-26. But the implicit denial rule and related case law are irrelevant here because the board specifically ordered a remand of the tinnitus, TDIU, and DEA claims. Appx15.

    Third, Mr. Cleveland argues that the findings of fact and conclusions of law in the board decision constitute a decision under section 7252 even if they were

included by mistake. Applnt. Br. 26. The VA represented before the Veterans Court that the inclusion of findings and conclusions in the board decision "was nothing more than a mistake," and that the order was not a final decision with preclusive effect. Appx5-6. Regardless of the VA's representations below, the findings and conclusions cannot convert a remand order into a decision within the Veterans Court's jurisdiction because they were not binding and had no preclusive effect. Appx5 (citing *Mathews*, 28 Vet. App. at 316 (holding that findings in a board remand order are not final or binding)); *see also* 38 C.F.R. § 20.1100(b).

Fourth, Mr. Cleveland argues that the Veterans Court erred by citing cases that involve a "pure remand." *See* Applnt. Br. 27-28. The Secretary does not dispute that *Kirkpatrick* involves a remand. Rather, the Secretary is arguing that the board's June 2, 2020 decision constituted a remand. As demonstrated above, the board's decision stated that each claim "is remanded." Appx15. During the remand itself, the AOJ collected medical records before issuing a decision based on the record before it. *See* Appx23 (describing evidence considered on remand). Thus, the board's June 2, 2020 decision was a remand, and *Kirkpatrick* therefore requires dismissal of this appeal.

## V.    The Court Should Not Overrule Its Precedent Holding That A Decision Under Section 7252 Requires An Order Granting Or Denying Relief

Mr. Cleveland alternatively asks this Court to overrule *Maggitt* and *Kirkpatrick*, both of which held that a board "decision" for purposes of the

Veterans Court's jurisdiction includes an order granting or denying relief.  *See*

Applnt. Br. 29-41.  "Overruling precedent is never a small matter."  *Kimble v.*

*Marvel Entertainment, LLC*, 576 U.S. 446, 455 (2015).  This is so because "[*s*]*tare*

*decisis*—in English, the idea that today's Court should stand by yesterday's

decisions—is 'a foundation stone of the rule of law.'"  *Id.* (quoting *Michigan v.*

*Bay Mills Indian Community*, 572 U.S. 782, 798 (2014)).  Accordingly, "a panel of

this [C]ourt . . . is bound by the precedential decisions of prior panels unless and

until overruled by an intervening Supreme Court or *en banc* decision."  *Deckers*

*Corp. v. United States*, 752 F.3d 949, 964 (Fed. Cir. 2014).  Mr. Cleveland has

failed to demonstrate that an intervening Supreme Court case requires the Court to

revisit *Maggitt* and *Fitzpatrick*.  He similarly fails to demonstrate that the Court

should consider this appeal *en banc*.

### A.   Mr. Cleveland Fails To Identify An Intervening Supreme Court Case Requiring The Court To Revisit *Maggitt* and *Kirkpatrick*

Mr. Cleveland has not identified any intervening Supreme Court decision

that would change the Court's analysis in *Kirkpatrick*.  Mr. Cleveland does,

however, cite to *George v. McDonough*, 142 S. Ct. 1953, 1957 (2022).  Applnt. Br.

31.  The Court in *George* addressed whether a veteran could establish a claim for

clear and unmistakable error if the VA decision applies an agency regulation that,

although unchallenged at the time, is later deemed contrary to law.  *See* 142 S. Ct.

at 1957.  The Court did not address or interpret the definition of "decision" in

26

section 7252(a). *See id*. Thus, *George* is not an intervening decision of the Supreme Court that requires the Court to overturn *Maggitt* and *Kirkpatrick*.

Mr. Cleveland also cites cases from the Supreme Court stating that there is a presumption in favor of judicial review of administrative action. Applnt. Br. 29. The presumption in favor of judicial review of administrative action pre-dates *Maggitt* and *Kirkpatrick* and does not constitute intervening precedent. *See McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479, 496, 498-99 (1991) (discussing the "strong presumption in favor of judicial review of administrative action").

Having failed to identity any intervening decision from the Supreme Court, Mr. Cleveland argues that the Court should overrule its precedent based on the plain language of the statute. Applnt. Br. 31-36. But Mr. Cleveland cannot demonstrate that the Court should overturn *Maggitt* and *Kirkpatrick* by making the same interpretive arguments this Court has already considered and rejected. *See Kirkpatrick*, 417 F.3d at 1363-65 (discussing the meaning of "decision" in section 7252); *see also Deckers*, 752 F.3d at 964 (holding a panel is bound by precedential panel decisions "unless and until overruled by an intervening Supreme Court or *en banc* decision").

Nevertheless, even if the Court were to consider Mr. Cleveland's request to revisit decades old arguments, this Court's prior interpretation is correct. In

interpreting a statute, this Court "interpret[s] the words in their context and with a view to their place in the overall statutory scheme." *Tyler v. Cain*, 533 U.S. 656, 121 S. Ct. 2478, 2482 (2001) (internal quotations and citation omitted). Here, the Court previously interpreted 38 U.S.C. § 7104 and 38 U.S.C. § 7252 in their overall statutory scheme. Section 7104(d) defines a board "decision" by enumerating the elements of such a decision, including "an order granting appropriate relief or denying relief." 38 U.S.C. § 7104(d)(3). Section 7252 provides the Veterans Court with jurisdiction over decisions of the board. 38 U.S.C. § 7252(a). In *Kirkpatrick*, the Court interpreted the term "decision" in section 7252 to be "in line with the definition of a Board decision in 38 U.S.C. § 7104 . . . ." *See Kirkpatrick*, 417 F.3d at 1364 (citing *Maggitt*, 202 F.3d at 1376). The Court should not disturb its well-established interpretation of 38 U.S.C. § 7252(a).

Finally, if the Court were to overturn *Kirkpatrick* and *Maggitt*, the Veterans Court would have jurisdiction over interlocutory appeals from the decisions of the board. This would be contrary to the board's regulations. 38 C.F.R. § 20.1100(b). This would also result in piece-meal litigation or delays that would undermine efficient judicial administration. In this case, for example, Mr. Cleveland requests the Court reverse the Veterans Court and allow him to proceed on the merits. As this appeal proceeds, however, the VA is already considering the merits of

Mr. Cleveland's claim for earlier effective date for service connection for tinnitus, TDIU, and DEA.  *See* Appx22-26 (AOJ decision on remand).  If Mr. Cleveland were successful in this appeal, VA would thus re-start the consideration of the merits of Mr. Cleveland's claims, delaying the ultimate resolution of his claims, and wasting the resources the VA and Mr. Cleveland have already devoted to addressing his claims during the remand.

### B.    Mr. Cleveland Cannot Meet The Standard For *En Banc* Review

Mr. Cleveland finally argues that "*en banc* review may be necessary . . . in order to ensure uniformity of the court's decisions and given the importance of appellate review to veterans . . . ."  Applnt. Br. 37.  *En banc* consideration is generally inappropriate unless "(1) . . . consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance."  Fed. R. App. P. 35(a).  Mr. Cleveland does not appear to address the requirements in Rule 35 for obtaining *en banc* review.  *See* Applnt. Br. 37-41.  Instead, as demonstrated above, Mr. Cleveland argues that the Court erroneously interpreted section 7252 in *Kirkpatrick* and *Maggitt*.  *See* Applnt. Br. 31-41.  Mr. Cleveland cannot demonstrate that he is entitled to *en banc* review merely by criticizing the Court's precedent.  *See* Fed. R. App. P. 35(a).

The Court, however, may discern one argument that these proceedings

involve a question of exceptional importance requiring *en banc* review.[6]
Mr. Cleveland argues that the Court's precedent is mistaken, and *en banc* review
may be necessary "given the importance of appellate review to veterans,
particularly in light of the multi-year delays in adjudication of benefits claims often
attendant with remand orders." Applnt. Br. 37-41. Appellate review is certainly
important to veterans, but a remand order does not insulate an AOJ decision from
appellate review. *See* Appx6 ("If the Board were to reach the same factual or legal
conclusions in adjudicating the appeal currently pending below, the Board would
be required to explain its reasoning in a decision that would, in turn, be subject to
Court review."). Indeed, a remand is supposed to benefit veterans by facilitating
the development of the record in support a veteran's claim, after which the board
has jurisdiction to review the decision of the regional office based on the entire
record.

To be sure, a remand may add time until the final adjudication of a veteran's
claim. VA statutes, however, require remands for further development of the
factual record in certain circumstances. If the board, for example, determines the

---

[6] As to the first prong under Rule 35, Mr. Cleveland does not identify any
conflict between *Maggitt* or *Kirkpatrick* and a decision by the Supreme Court or
another decision of this Court; we are unaware of any such conflict. *See generally*
Applnt. Br. at 31-41. To the extent Mr. Cleveland is arguing that *George* is a
conflicting case, that argument fails because the Supreme Court in *George* did not
address or interpret the definition of "decision" in section 7252(a). *See* 142 S. Ct.
at 1957.

regional office fails in its duty to assist a veteran, as it did here, "the Board *shall* remand the claim to the agency of original jurisdiction for correction of such error and readjudication." 38 U.S.C. § 5103A(f)(1) (emphasis added). Congress has apparently decided that the benefit of a remand to the veteran—a fully developed factual record on which to adjudicate a veteran's claim—outweighs any time added through a remand. *See id.*

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court affirm the Veterans Court's decision.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ William J. Grimaldi
WILLIAM J. GRIMALDI
Assistant Director

/s/ Daniel D. Falknor
DANIEL D. FALKNOR
Trial Attorney
Commercial Litigation Branch
Civil Division, U.S. Dept. of Justice
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0320
Daniel.D.Falknor@usdoj.gov

August 18, 2023        Attorneys for Respondent-Appellee

32

**FORM 19. Certificate of Compliance with Type-Volume Limitations**

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 23-1505

**Short Case Caption:** Cleveland v. McDonough

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes 7,068 words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 08/18/2023

Signature: DANIEL FALKNOR  Digitally signed by DANIEL FALKNOR
Date: 2023.08.18 11:09:15 -04'00'

Name: Daniel Falknor

Save for Filing